**Paul HASS et al., Appellants,**

v.

**AETNA INSURANCE COMPANY, Appellee.**
**No. 16638.**

Court of Civil Appeals of Texas.

Fort Worth.

May 14, 1965.

Rehearing Denied June 18, 1965.

Matthews & Weaver, and Victor C. McCrea, Jr., Dallas, for appellants.

Bailey & Williams, and James A. Williams, Dallas, for appellee.

RENFRO, Justice.

Plaintiffs, Paul Hass and Paul Montgomery, d/b/a Hass-Montgomery, Painting Contractors, brought suit against Gerald M. Miller, individually, James E. Stinson, individually, also against said two individuals doing business as Stinson Paint Con-

tracting Company, a joint venture, and Aetna Insurance Company.

They alleged that on or about February 2, 1961, the Dallas Independent School District entered into a contract with C. & L. Stone Builders, Inc., prime contractor, for certain construction, addition and alteration to a high school; subsequent thereto Stinson and/or Stinson and Gerald M. Miller, d/b/a Stinson Paint Contracting Company, a joint venture, entered into a subcontract with Stone for the furnishing of labor and materials required and necessary to comply with the painting requirements; on December 26, 1961, plaintiffs at the request of Miller on his own behalf and on behalf of Stinson and on behalf of Stinson and Miller, d/b/a Stinson Paint Contracting Company, a joint venture, agreed to furnish all labor and material not previously completed by defendants; the sum of $5,423.08 remained unpaid; that Aetna was a surety on a payment bond executed by Miller, wherein it obligated itself to pay for the materials and labor furnished by plaintiffs.

Defendant Aetna specially denied the allegations in plaintiffs' petition in so far as they applied to it.

Miller filed an answer but later agreed that judgment be entered against him.

Stinson did not file an answer. Judgment was entered for plaintiffs against both Miller and Stinson.

At the conclusion of the trial both plaintiffs and Aetna moved for instructed verdict. Aetna's motion was granted and judgment entered that plaintiffs take nothing against Aetna.

Plaintiffs appealed.

The evidence was undisputed.

It was stipulated that plaintiffs did, at the request of Miller, furnish the labor and material for the work in the amount which they alleged in their petition, namely, $5,423.08.

The subcontract was by and between J. E. Stinson, Paint Contractor, and C. & L. Stone Builders, Inc., and was executed by J. E. Stinson, Paint Contractor.

The Labor and Material Payment Bond, upon which suit was brought, showed James E. Stinson, d/b/a J. E. Stinson Paint Contracting Company, to be the principal and it was signed J. E. Stinson Paint Contracting Co., by James E. Stinson, owner.

In the bond a claimant was defined as one having a direct contract with the principal or with a subcontractor of the principal for labor, material, or both, used in the performance of the contract.

James E. Stinson, d/b/a J. E. Stinson Paint Contracting Company, and Miller jointly applied for the payment bond, the application setting out that James E. Stinson, d/b/a Stinson Paint Contracting Company had been awarded the contract to paint the high school.

Plaintiffs contend they were entitled to judgment against Aetna because it did not specifically allege in its sworn answer that Miller and Stinson were not doing business under the assumed name of J. E. Stinson Paint Contracting Company as alleged by plaintiffs. Plaintiffs' pleadings alleged that Miller and Stinson were engaged in a joint venture.

It was not necessary for Aetna to specifically deny joint venture in order to put such matter in issue. Plaintiffs' petition was no evidence of joint venture. McNeil v. Barrow, 237 S.W.2d 730 (Amarillo Civ.App., 1950, no writ hist.).

The application for bond signed by Miller and Stinson was no more than what it purported to be, towit, an application to Aetna to execute a payment bond in connection with the contract for painting South Oak Cliff High School. As previously stated, that contract was between C. & L. Stone Builders, Inc., and J. E. Stinson, Paint Contractor.

We hold, therefore, there was no evidence of probative force to support the claim that Stinson and Miller were engaged in a joint venture.

It is undisputed the labor and material were furnished by plaintiffs to Miller.

It is undisputed none of the labor and materials were furnished to Stinson, or to J. E. Stinson, Paint Contractor.

There is no evidence that Miller was a subcontractor of Stinson.

We, therefore, conclude there was no evidence of probative force to prove that the labor and materials in question were furnished within the terms of the bond upon which suit was based.

Therefore, the judgment of the trial court is affirmed.

Affirmed.