NBS SOUTHERN, INC., Appellant,

v.

The MAIL BOX, INC., Appellee.

No. 05–88–00867–CV.

Court of Appeals of Texas,
Dallas.

May 10, 1989.

Rehearing Denied June 21, 1989.

Stephen A. Ragucci, Dallas, for appellant.

Todd E. Marshall, Dallas, for appellee.

Before ROWE, STEWART and OVARD, JJ.

ROWE, Justice.

Appellee, The Mail Box, Inc., brought this third party action against appellant, NBS Southern, Inc., to recover for breach of warranty. The trial court granted a default judgment in favor of Mail Box for $56,907.50 actual damages, $6,000.00 attorney fees, and prejudgment interest at the rate of six percent per annum. In its first point of error, NBS complains that the trial court erred in granting a default judgment in the absence of proof that it had personal jurisdiction over NBS. For the reasons discussed below, we sustain this point of error and reverse the trial court's judgment.

In its third party petition, Mail Box alleged that NBS could be served "by serving its registered agent, Prentice–Hall Corporation System, at 807 Brazos, Suite 102, Austin, Texas 78701." Citation was issued accordingly. The officer's return certifies that citation was executed by delivering the citation and a copy of the petition to NBS "by delivering to its registered agent for service, Prentice–Hall Corporation System, Inc., by delivering to its Manager, Richard J. Milos." The record of the default judgment hearing contains no proof independent of the allegations in the petition, recitals in the citation, and statements in the

officer's return that Prentice–Hall Corporation System was NBS's registered agent for service of process.

NBS contends that Mail Box had the burden to affirmatively prove that Prentice–Hall was in fact the registered agent of NBS by evidence independent of the allegations in the petition, recitals in the citation, and statements in the officer's return. In the absence of such proof, NBS alleges that the trial court erred in granting default judgment. In reply, Mail Box argues that NBS had the burden of proving that Prentice–Hall was not its registered agent. Alternatively, Mail Box maintains that the petition, citation, and officer's return are sufficient in themselves to prove that Prentice–Hall was NBS's registered agent and that in any event NBS admitted this fact at the hearing on its motion for new trial.

We note that Texas courts addressing this issue have reached differing results. Several courts require an affirmative showing that the person served was in fact the defendant's agent for service of process. *Bronze & Beautiful v. Mahone*, 750 S.W.2d 28, 29 (Tex.App.—Texarkana 1988, no writ); *Encore Builders v. Wells*, 636 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1982, no writ); *Hanover Modular Homes v. Corpus Christi Bank & Trust*, 476 S.W.2d 97, 99 (Tex.Civ.App.—Corpus Christi 1972, no writ); *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex.Civ.App.—Dallas 1963, no writ); *Texaco, Inc. v. McEwen*, 356 S.W.2d 809, 814 (Tex.Civ. App.—Dallas 1962, writ ref'd n.r.e.); *see Jacksboro Nat'l Bank v. Signal Oil & Gas Co.*, 482 S.W.2d 339, 341 (Tex.Civ.App.— Tyler 1972, no writ); *Mobile Pipe–Dillingham v. Stark*, 468 S.W.2d 552, 554 (Tex. Civ.App.—Beaumont 1971, no writ). Some of these courts expressly require proof independent of the allegations in the petition, recitals in the citation, and statements in the officer's return. *Hanover Modular Homes*, 476 S.W.2d at 99; *Texaco*, 356 S.W.2d at 814. Other courts have held that the petition, citation, and return are sufficient to show that the individual served was the registered agent of the corporate defendant. *National Medical Enters. v. Wedman*, 676 S.W.2d 712, 715–16 (Tex. App.—El Paso 1984, no writ); *Hillson Steel Prod., Inc. v. Wirth Ltd.*, 538 S.W.2d 162, 164 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Still other courts place the burden instead upon the defendant to prove that the person served was not its agent. *Southland Paint Co. v. Thousand Oaks Racket Club*, 724 S.W.2d 809, 810 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.); *Employer's Reinsurance Corp. v. Brock*, 74 S.W.2d 435, 438 (Tex.Civ.App.—Eastland 1934, writ dism'd).

■ We think that the better rule is to require an affirmative showing that the person served was in fact the defendant's agent for service of process. On direct appeal from a default judgment, the record must affirmatively show that the trial court had personal jurisdiction over the defendant. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex.1973); *City of Mesquite v. Bellingar*, 701 S.W.2d 335, 336 (Tex.App.—Dallas 1985, no writ). Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the court's jurisdiction; and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex.1985). The record must, therefore, show an appearance by NBS or due service of citation on NBS. *See Flynt v. City of Kingsville*, 125 Tex. 510, 511, 82 S.W.2d 934, 935 (Comm'n App. 1935, opinion adopted); *National Medical Enters*, 676 S.W.2d at 714. Since NBS is a foreign corporation, due service requires that the citation be delivered personally to its president, any vice president, or its registered agent for service of process. *See* TEX.BUS.CORP.ACT ANN. art. 8.10(A) (Vernon 1980). We conclude that due service of process on NBS requires a showing that the person actually served was a proper party to receive service for NBS.

Turning to the question of what proof is required, we conclude that such proof must be independent of the allegations in the petition, recitals in the citation, and statements in the officer's return. *See Texaco*, 356 S.W.2d at 814. The law is well-settled

that a party's pleadings are not evidence of the facts alleged therein. *E.g., Kroger Co. v. Warren,* 410 S.W.2d 194, 196 (Tex.Civ. App.—Tyler 1966, no writ); *Hass v. Aetna Ins. Co.,* 391 S.W.2d 756, 757 (Tex.Civ.App. —Fort Worth 1965, writ ref'd n.r.e.). Although a nonanswering defendant is presumed to have admitted all factual allegations set out in the petition,[1] this presumption does not apply to jurisdictional allegations. *See McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). Otherwise, unscrupulous litigants could intentionally allege that a completely disinterested party was the registered agent of a foreign corporation. If the presumption applied and the corporation suffered a default, we would be forced to presume that the corporation had admitted the agency of the disinterested party. Such a result is both illogical and contrary to the most basic notions of justice. We conclude, therefore, that the allegations in the petition are not evidence of the agency of the party served.

Similar considerations apply with respect to recitals in the citation regarding the registered agent of a corporation. As a practical matter, the clerk requires no proof that the person to whom he issues the citation is actually the registered agent of the defendant corporation. Nor is the clerk required to perform any independent investigation. In issuing citation, the clerk merely performs a ministerial duty relying on the plaintiff's representations and the allegations in the pleadings. Thus, we conclude that the recitals in the citation are not proof that the individual served was in fact the corporate defendant's registered agent.

■ Somewhat different considerations apply to the statements in the officer's return. In cases involving individual defendants, the statements in the officer's return raise a strong presumption that the individual defendant was in fact served. *See Ward v. Nava,* 488 S.W.2d 736, 738 (Tex.1972) (defendant's uncorroborated testimony insufficient to overcome presump-

tion). In cases involving corporate defendants, while the officer's return is clearly some evidence that the purported agent named in the petition was in fact served, we think that the return is not probative evidence that the purported agent was in fact the registered agent of the corporate defendant. Although the officer has a mandatory duty to execute the citation, he has no authority to determine doubtful questions of fact. *Henry S. Miller Co. v. Evans,* 452 S.W.2d 426, 433–34 (Tex.1970). Whether the entity served was actually the registered agent of the corporate defendant presents such a doubtful fact question. We decline, therefore, to impose on the officer the duty to independently investigate and determine this question. Consequently, in this record, we construe the statements in the return as establishing merely that the officer served a purported agent of NBS—but not as establishing that such entity was in fact the registered agent of the NBS.

■ Mail Box further asserts that NBS admitted the agency of Prentice–Hall at the hearing on its motion for new trial. Testimony at a new trial hearing is ineffective to revive a default judgment entered without proof of personal jurisdiction over the defendant. *Bronze & Beautiful,* 750 S.W.2d at 29; *American Universal Ins. Co. v. D.B. & B., Inc.,* 725 S.W.2d 764, 767 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). We refuse to allow a plaintiff to prove in a postjudgment motion hearing what it was originally required to prove to obtain a default judgment.

■ Based on the foregoing discussion, we conclude that the trial court erred in granting the default judgment in the absence of independent proof that it had personal jurisdiction over NBS. Accordingly, we sustain NBS's first point of error. We note that upon remand, NBS is presumed to have entered its appearance to the term of the court at which the mandate shall be filed. *See McKanna,* 388 S.W.2d at 930; TEX.R.CIV.P. 123.

---

1. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 731 (Tex.1984); *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979).

We reverse the trial court's judgment and remand this cause for further proceedings.