**INFRA–PAK (DALLAS), INC., Appellant,**

v.

**James NARMOUR, Appellee.**

No. 05–91–01820–CV.

Court of Appeals of Texas, Dallas.

Dec. 16, 1992.

Maria Laros Davis, Dallas, for appellant.

Kenneth W. Byford, Dallas, for appellee.

Before LAGARDE, CHAPMAN, and ROSENBERG, JJ.

## OPINION

CHAPMAN, Justice.

Appellee James Narmour brought this suit against appellant Infra–Pak (Dallas), Inc. (Infra–Pak), alleging that Infra–Pak discharged him from employment because he filed a workers' compensation claim. The trial court granted a default judgment in favor of Narmour. In three points of error, Infra–Pak contends that the default judgment must be reversed because: (1) Narmour failed to prove that Infra–Pak was properly served; (2) Narmour presented no evidence to support the judgment; and (3) Narmour's own evidence demonstrates that the judgment of the trial court is against the great weight and preponderance of the evidence. We sustain Infra–Pak's first point of error. We reverse the trial court's judgment and remand the cause to the trial court.

Narmour alleged in his original petition that Infra–Pak could be served through its registered agent, Raymond R. Fernandez, at 12750 Merit Drive, Suite 1400, LB 135, Dallas, Texas, 75251. The citation was issued accordingly. The officer's return certifies that Infra–Pak was served by delivering copies of the citation and the pleading "to the within named Infra Pak Dallas Inc by delivering to Raymond R. Fernandez, registered agent." The record on appeal contains no independent proof that Fernandez was Infra–Pak's registered agent for service of process, other than the allegations set forth in the petition, recitals in the citation, and statements in the officer's return.

Infra–Pak alleges that, without independent proof, Narmour failed to establish that he properly served Infra–Pak with citation and petition. Narmour claims that the record shows strict compliance with applicable provisions regarding service of process on domestic corporations. Narmour also contends that the reviewing court may examine the entire record for independent proof of proper service. Infra–Pak's position is that a reviewing court may only look at the evidence presented to the trial court before the rendition of the default judgment. The parties also disagree as to whether proof of proper service differs between domestic and foreign corporations.

Although Texas courts differ in their interpretations of what constitutes a sufficient showing of proper service of process, this court follows the line of cases that requires independent proof that the proper agent was served. *See NBS Southern, Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 471 (Tex.App.—Dallas 1989, writ denied); *Hanover Modular Homes v. Corpus Christi Bank & Trust*, 476 S.W.2d 97, 99 (Tex.Civ.App.—Corpus Christi 1972, no writ). On direct appeal from a default judgment, the record must affirmatively show that the trial court had personal jurisdiction over the defendant. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex. 1973); *NBS Southern, Inc.*, 772 S.W.2d at 471. There are two essential elements of personal jurisdiction. First, the defendant must be amenable to the court's jurisdiction and, second, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex.1985); *NBS Southern, Inc.*, 772 S.W.2d at 471. Service may be made on a domestic corporation through its president, any vice presidents, or a registered agent of the corporation. TEX.BUS.CORP.ACT ANN. art. 2.11(A) (Vernon 1980). In this case, due service of process requires a showing that Fernandez was a proper party to receive service for Infra–Pak.

 Although the officer's return is clearly *some* evidence that the purported agent named in the petition was in fact served, we cannot assume that the return is probative evidence that the purported agent was in fact the registered agent of the corporate defendant. *See NBS Southern, Inc.,* 772 S.W.2d at 472. Additionally, allegations in the petition and recitals in the citation do not provide adequate proof of proper service. *See NBS Southern, Inc.,* 772 S.W.2d at 472. Therefore, the evidence required to support an allegation that the proper party was actually served must be independent of the petition, citation, and officer's return.

 Narmour claims that he presented adequate proof of service in a motion for protective order and objections to notice of deposition of Raymond R. Fernandez, Jr. The trial court entered a default judgment on October 25, 1991. Narmour filed his motion on January 15, 1992. A plaintiff may not prove in a postjudgment motion hearing what it was originally required to prove to obtain a default judgment. *NBS Southern, Inc.,* 772 S.W.2d at 472. Here, Narmour did not present to the trial court any independent proof of proper service *before* the trial court entered a default judgment.

 Narmour also contends that *NBS Southern, Inc.* is inapplicable because the party served, NBS Southern, Inc., was a foreign corporation. Because Infra–Pak is a domestic corporation, Narmour argues, the courts should apply a different test for effective service. We find Narmour's argument unpersuasive. The court in *NBS Southern, Inc.* did not distinguish between proof of proper service on a foreign and a domestic corporation. The only distinction made regarding NBS Southern, Inc.'s status as a foreign corporation was a statement of proper representatives for service. Citation may be delivered to a foreign corporation through its president, any vice president, or its registered agent for service of process. TEX.BUS.CORP.ACT ANN. art. 8.10(A) (Vernon 1980). This requirement is similar to article 2.11(A), which applies to domestic corporations. TEX.BUS.

CORP.ACT ANN. art. 2.11(A) (Vernon 1980). There is no indication in *NBS Southern, Inc.,* nor has Narmour cited any authority for his proposition, that the proof of service on a domestic corporation differs from the proof required for a foreign corporation.

 We conclude that Narmour has failed to present any evidence independent of the petition, citation, and officer's return that he properly served Infra–Pak. We sustain Infra–Pak's first point of error. We reverse the trial court's judgment and remand this cause for trial. Upon remand, Infra–Pak is presumed to have entered its appearance to the term of the court at which the mandate shall be filed. TEX. R.CIV.P. 123.