Affirmed and Opinion filed May 30, 2002



















Affirmed and
Opinion filed May 30, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-01-00490-CV

____________

 

CONSECO FINANCE SERVICING CORPORATION F/K/A GREEN TREE FINANCIAL
SERVICING CORPORATION, Appellant

 

V.

 

KLEIN INDEPENDENT SCHOOL DISTRICT, HARRIS COUNTY, HARRIS COUNTY
EDUCATION DEPARTMENT, PORT OF HOUSTON OF HARRIS COUNTY AUTHORITY, HARRIS COUNTY
FLOOD CONTROL DISTRICT, NORTH HARRIS MONTGOMERY COLLEGE, HARRIS COUNTY HOSPITAL
DISTRICT, HARRIS COUNTY RURAL FIRE PREVENTION DISTRICT 16, HARRIS COUNTY WATER
CONTROL AND IMPROVEMENT DISTRICT NUMBER 114, Appellees

____________

 

On Appeal from
the 129th District Court

Harris County, Texas

Trial Court
Cause No. 00-40652

____________

 

O P I N I O
N

            In this restricted appeal, appellant
Conseco Finance Servicing Corporation f/k/a Green
Tree Financial Servicing Corporation (“Conseco”)
challenges the default judgment entered in favor of appellees,
Klein Independent School
 District (“Klein ISD”), Harris County, Harris
County Education Department, Port of Houston of Harris
County Authority, Harris County 








Flood
Control District, North Harris Montgomery College, Harris County Hospital
District, Harris County Rural Fire Prevention District 16, and Harris County
Water Control and Improvement District Number 114 (collectively, “taxing
units”), for delinquent property taxes due on a parcel of land owned by Conseco.  Conseco contends the trial court erred in granting the
default judgment because the record does not show strict compliance with the
Texas Rules of Civil Procedure regarding issuance of citation and return of
service, thereby rendering the service insufficient to confer personal
jurisdiction over Conseco.   Because the record shows strict compliance
with the rules and because the citation and return were not defective, we
affirm the default judgment.

I.  Factual
and Procedural Background

            Klein ISD brought suit against Larry
and Stacy Meeusen to collect delinquent ad valorem property taxes. 
Conseco, as a lienholder
on the Meeusen property, was also named in the tax
suit.  Klein ISD sought establishment and
foreclosure of liens on the property to secure payment of the past due taxes.
The citation, issued on August 22,
 2000, and attached to Klein ISD’s
petition, read:

CONSECO FINANCE SERVICING CORPORATION F/K/A GREEN 

            TREE FINANCIAL SERVICING CORPORATION 

            BY SERVING ITS REGISTERED AGENT: C.T. CORPORATION SYSTEM     BY SERVING ITS REGISTERED AGENT: SHIRLEY
DILLON

            350 N. ST. PAUL STREET

            DALLAS, TEXAS 75201

 

The
citation also contained the following recitation:

The name [sic] of all taxing units which assess and collect taxes who
may set up their claims to seek recovery of delinquent ad valorem
taxes on said property not made a party to said suit are: Harris County, Texas;


NORTH HARRIS MONTGOMERYCOLLEGE; [sic] HARRIS COUNTYWATER [sic] CONTROL
AND IMPROVEMENT DISTRICT #114; HARRIS COUNTY RURAL FIRE PREVENTION DISTRICT #16

 class=Section3>

            The citation included other
pertinent information and ordered appellant to file a written answer within the
time set out in Texas Rule of Civil Procedure 99b.  The Dallas County Sheriff’s Department
received the citation for execution on August 30, 2000, at 9:00 a.m.  The return is
reproduced below:

            On
October 5, 2000, the taxing units named in the citation (other than Klein ISD),
plus four others — Harris County Education Department, Port of Houston of
Harris County Authority, Harris County Flood Control District, and Harris
County Hospital District — filed a plea in intervention.  Each intervenor
sought to recover ad valorem property taxes on the
same parcel of land.  Conseco
failed to answer or appear in the case. 
On October 6,
 2000, the trial court conducted a default hearing against Conseco in which all nine taxing units participated.  The trial court signed a default judgment on October 10, 2000, ordering
the foreclosure and sale of the property for payment of delinquent taxes and
costs to three of the nine taxing units: Klein ISD, Harris County, and
Harris County Rural Fire Prevention District 16.  These three entities were among those named
in the citation delivered to Conseco.  The claims of all other intervenors
were dismissed without prejudice. 

            Conseco
claims it first realized that a default judgment had been taken against it when
the property made the subject of the tax suit was sold at a tax sale in
February of 2001.  At the time of the tax
sale, Conseco was the owner of the property, having
foreclosed its purchase money lien in January of 2001.  Conseco now
directly attacks the trial court’s judgment by restricted appeal.  See


Tex.
R. App. P.
30.  

II.  Standard of
Review

            A direct attack on a judgment by
restricted appeal must: (1) be brought within six months after the trial court
signs the judgment; (2) by a party to the suit; (3) who did not participate in
the hearing that resulted in the judgment made the subject of the complaint;
(4) who did not file a post-judgment motion, request for findings of fact and
conclusions of law, or other notice of appeal; and (5) the error that forms the
basis of the complaint must be apparent on the face of the record.  See
id.; Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). 

            Review by restricted appeal affords
the appellant a review of the entire case, just as in an ordinary appeal, with
the only restriction being that any error must appear on the face of the
record.  See Norman Communications, 955 S.W.2d at 270. 
The face of the record for purposes of a restricted appeal consists of
all the papers on file before the judgment as well as the reporter’s record.  See
id.  Conseco
has met the criteria for a restricted appeal. 
Conseco brought this attack within six months
after the judgment was signed.  Conseco is a party to the suit and did not participate at
trial or file post-judgment motions or other notice of appeal.  The claimed error — alleged defective service
— can be determined from the face of the record. 

III.  Issues Presented on Appeal

            In its sole issue, Conseco contends the citation was defective, thereby
rendering the service insufficient to sustain personal jurisdiction over Conseco.  Within this
issue, Conseco alleges three specific grounds in
support of its argument that the citation is defective.  First,  Conseco
contends that Article 2 of the Texas Business Corporation Act does not
authorize service of process on a corporation “by service on the registered
agent of the registered agent of a corporation.”  Thus, Conseco
argues, service on Shirley Dillon, the registered agent of C.T. Corporation
System, which is the registered agent of Conseco, was
not proper service.  Next, Conseco argues that the date of service on the return is
unrecognizable and, therefore, does not strictly comply with Texas Rules of
Civil Procedure 16 and 105, requiring time and date on the return.  See
Tex. R. Civ. P. 16 (requiring
server to endorse process with day and hour of receipt and the time and place
of service); Tex. R. Civ.
P. 105 (requiring officer to execute and
return process without delay).  Finally, Conseco
argues that the citation is fatally defective because it did not name all of
the taxing units that assess and collect taxes on the delinquent property, as
required by Texas Rule of Civil Procedure 117a.

IV.  Sufficiency of Return of Service

A.  Was service on the registered agent of the
registered agent proper?

            Conseco
contends that Article 2 of the Texas Business Corporation Act does not
authorize service of process on a corporation “by service on the registered
agent of the registered agent of a corporation.”  Articles 2.09 and 2.11 of the Texas Business
Corporation Act apply to Conseco because Conseco is a corporation doing business in Texas.  Article 2.09 provides: 

 

 class=Section4>

A.  Each corporation shall have and continuously
maintain in this State:

 

(1) A registered office which may be, but need not be, the same as its
place of business.

(2) A registered agent, which agent may be either an individual
resident in this State whose business office is identical with such registered
office, or a domestic corporation, or a foreign corporation authorized to transact
business in this State which has a business office identical with such
registered office.

 

 

 class=Section5>

Tex. Bus. Corp. Act art. 2.09 (Vernon 1980).  Article 2.11,
entitled “Service of Process on Corporation” states: 

The president and all vice presidents of the corporation and the
registered agent of the corporation shall be agents of such corporation upon
whom any process, notice, or demand required or permitted by law to be served
upon the corporation may be served.  

Tex.
Bus. Corp. Act art. 2.11 (Vernon 1980).

 

            The record shows the citation was
issued to Conseco “by serving its registered agent:
C.T. Corporation System by serving its registered agent: Shirley Dillon” at 350 N.
 St. Paul Street, Dallas, Texas
.  The return likewise indicates that the
citation was delivered to Conseco by serving “C.T.
Corp Sys R/A Shirley Dillon /RA” at “
350 N.
 St. Paul St., Dallas, Texas
.” 

            Conseco
argues that because an individual, Shirley Dillon, was served and there was an
allegation in the petition that she was the registered agent of the registered agent of Conseco (and not the registered agent of Conseco), there is too much “room for error that the
individual served was not the person or entity required to be served pursuant
to Art. 2.11 of the Texas Business Corporation Act.”  Conseco’s argument
lacks merit. 

            Relying on the
holding in NBS Southern, Inc. v. The Mail Box, Inc., Conseco
argues that the record does not prove Shirley Dillon was the registered agent
of either Conseco or C.T. Corporation System at the
time of service.  772
S.W.2d 470 (Tex. App.—Dallas 1989, writ denied).  In NBS
Southern, Inc., the trial court entered a default judgment against NBS, and
the appellate court reversed, finding defective service of process.  Id.  In that
case, an officer’s return certified that citation was served by delivering the
citation to NBS “by delivering to its registered agent for service,
Prentice-Hall Corporation System, Inc., by delivering to its Manager, Richard
J. Milos.”  Id. at 470.  The court held
that service was defective because the record contained no proof independent of
the allegations in the petition, recitals in the citation, and statements in
the return, that Prentice-Hall was actually NBS’s
registered agent. Id. at 471. 

            We decline to follow the holding in NBS Southern Inc., and instead follow
the majority of courts of appeals that hold to the contrary.  In most courts, a recital in the petition
that a named person or entity is the registered agent for service on the
defendant is prima facie evidence of that fact, sufficient to support a default
unless the defaulted defendant proves otherwise.  See, e.g., K-Mart Apparel Fashions v. Ramsey, 695 S.W.2d 243, 256
(Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.) (affirming default judgment when nothing in
record contradicted petition, citation, and return asserting that person served
was defendant’s registered agent); Cox
Marketing v. Adams, 688 S.W.2d 215, 218 (Tex. App.—El Paso 1985, no writ)
(holding no extrinsic proof of status necessary when petition and citation
alleged that person served was registered agent, and defendant did not file an
affidavit or motion to quash challenging these assertions.)  The majority rule that allegations in the
service documents are prima facie proof of capacity parallels the rules for
most other aspects of service.  See Primate Const. v. Silver, 884 S.W.2d
151, 152 (Tex. 1994)
(stating that the return is prima facie proof of matters stated in it).  This rule allows a defendant to rebut a
fraudulent pleading of agency, without requiring trial courts to conduct a
plenary hearing on every facet of every default judgment.

            Conseco
concedes that “[a]ccording to the return it appears
that Shirley Dillon was actually the person served with citation as registered
agent of C.T. Corporation System.”  A
corporation may be named as a registered agent. 
Conseco’s registered agent, C.T. Corporation
is itself a corporation that must maintain its own registered agent in Texas.  See
Tex. Bus. Corp. Act art. 2.09; see also Nat’l Med. Enter. of Texas v. Wedman,
676 S.W.2d 712, 715 (Tex. App—El Paso 1984, no writ) (holding that “since the
citation was delivered to [the defendant’s] registered agent for service, the
C.T. Corporation System, by delivering to its registered agent for service,
Mary Lou Boring, the required compliance with [article 2.11] was shown”).  Shirley Dillon, as registered agent for C.T.
Corporation System, lawfully received what was addressed to and intended for
C.T. Corporation System.  See Tex.
Bus. Corp. Act art.
2.11.  Both the
citation and the return sufficiently identify Conseco
as the defendant, C.T. Corporation System as Conseco’s
registered agent, and Shirley Dillon as 
C.T. Corporation System’s registered agent.  Therefore, the citation and the return were
sufficient to confer personal jurisdiction over Conseco
in the absence of contrary proof or allegation.  See Primate Construction, Inc., 884 S.W.2d at 152 n.1 (holding that
“[t]he return is prima facie evidence of a person’s status as a registered
agent in the same way that it is prima facie evidence of a corporate officer’s
status”).  

B.  Was the date of service on the
return recognizable? 

            Next, Conseco
argues that the date of service on the return is unrecognizable and, therefore,
does not strictly comply with the Texas Rules of Civil Procedure, which require
a notation of the time and date on the return. 
See Tex. R. Civ. P. 16 (“Every officer
or authorized person shall endorse on all process and precepts coming to his
hand the day and hour on which he received them . . . and the time and place
the process was served.”);  Tex. R. Civ. P. 105
(“The officer or authorized person to whom process is delivered shall
endorse thereon the day and hour on which he received
it, and shall execute and return the same without delay”); Tex. R. Civ. P. 107 (“the
return of the officer executing the citation . . . shall state when the
citation was served.”)  Conseco relies on a century-old case, Llano Improvement Co. v. Watkins, 23 S.W. 612 (Tex. Civ. App.—Austin 1893, writ dism’d),
in support of its argument that an illegible date renders service
defective.  In the Llano case, return of service indicated that the citation “Came to
hand the 24th day of September, A.D. 1891, at 12 o’clock a.m., and executed the 24th day of , A. D. 189 --, by delivering to . . .”  Id.  Because the month and the last numeral in the
year were omitted, the appellate court found the date of service impossible to
determine and therefore deemed it fatally defective.  Id.  Unlike the omission in that return, the date
is not impossible to determine on the return in this case.  The year “2000” is typewritten on the return
as the year in which the Dallas County Sheriff’s Department received the
citation.  The return was filed of record
September 14, 2000.  Though the serving
officer’s handwriting, standing alone, might create some ambiguity as to the
last digit of the year, a careful review of all of the officer’s handwritten
portions of the return demonstrates that the officer’s marks were intended to
indicate a zero as the last digit of the year.  The officer had a unique handwriting style in
denoting double zeroes — the double zeroes in the $50.00 return fee are the
same as the marks used to indicate the last two zeroes in the year 2000,
written just above the return fee. 

            “A return should be given a fair,
reasonable and natural construction to its plain intent and meaning.”  Bavarian
Autohaus, Inc. v. Holland, 570 S.W.2d 110, 114
(Tex. App.—Houston [1st Dist.] 1978, no writ); accord Johnson v. Cole, 138 S.W.2d 910, 912 (Tex. App.—Austin 1940,
writ ref’d) (stating that, in view of the printed
year dates on the form of the citation and the year the citation was issued,
there was no doubt as to the year endorsed by the officer on the return); Nelson v. Remmert,
726 S.W.2d 171, 172 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.) (holding officer’s
return complied with Rule 107 when officer endorsed that he served the citation
by certified mail on December 10, 1985 and the actual date the citation was
delivered or received was omitted but the postmark on the return receipt was
dated December 14, 1985); Pratt v. Moore,
746 S.W.2d 486, 488 (Tex. App.—Dallas 1988, no writ) (holding when citation was
issued on October 11, 1986, and return showed it was served on November 11,
1986 and filed with the court on November 14, 1986, return was not fatally
defective for officer’s erroneous typographical endorsement that he had
recorded it on November 30, 1986, as
this was clearly error that should have read “October”).  Viewing the
return as a whole, the handwritten date is plainly discernable. 

C.  Does the failure to name all taxing units, as
required by Texas Rule of Civil Procedure
117a render the citation fatally defective?

 

            Finally, Conseco
argues that the citation is fatally defective because it did not name all of
the taxing units that assess and collect taxes on the delinquent taxpayers’
property as required by Texas Rules of Civil Procedure 117a.  See
Tex. R. Civ.
P. 117a(4).

            Texas Rule of Civil Procedure 2
specifically instructs “that Rule 117a shall control with respect to citation
in tax suits.”  Tex. R. Civ. P.
2.  Rule 117a, in turn, states: “In all suits for collection of delinquent ad
valorem taxes, the rules of civil procedure
governing issuance and service of citation shall control the issuance and
service of citation therein, except as
herein otherwise specially provided.” 
Tex. R. Civ.
P. 117a (emphasis added). 
Subsection 1 of Rule 117a, entitled, “Personal Service: Owner and
Residence Known, Within State,” states:

Where any defendant in a tax suit is a resident of the State of Texas .
. . the process shall conform substantially to the form hereinafter set
out for personal service and shall contain the essential elements and be
served and returned and otherwise regulated by the provisions of Rules 99 to
107 inclusive.

 

Tex. R. Civ. Proc. 117a(1) (emphasis added). 
Section 4 of Rule 117a, which sets forth the requirements for citation
in tax suits, states in part:

Any process authorized by this rule may
issue jointly in behalf of all taxing units who are plaintiffs or intervenors in any tax suit.  The statement of the nature of the suit . . .
shall be sufficient if it . . . shall state, in substance, that in such suit
the plaintiff and all other taxing units who
may set up their claims therein seek recovery of the delinquent ad valorem taxes due on said property . . .  Such citation shall also show the names of all taxing units which assess and collect
taxes on said property not made parties to such suit . . . 

Tex. R. Civ. P. 117a(4) (emphasis added). 
Rule 117a(4) also contains this additional
language: 

After citation . . . has
been given on behalf of any plaintiff or intervenor
taxing unit, the court shall have
jurisdiction to hear and determine the tax claims of all taxing units who are
parties plaintiff, intervenor or defendant at the
time such process is issued and of all
taxing units intervening after such process is issued . . . without the necessity of further citation
. . . and any taxing unit having a tax claim against said property . . .  may
. . . set up and have determined its tax claim without the necessity of 
further citation or notice to any parties to such suit.  

Id. (emphasis
added).  The taxing units argue that Rule
117a stands for the proposition that any taxing unit named in the citation, but not yet a party to the tax suit, may
later join the suit without further service of process. We agree that this,
without more, is sufficient under Rule 117a to confer jurisdiction over
intervening taxing units already named in the citation.  However, that is not exactly the situation
now before us. 

            Here, there were more taxing units
named in the default judgment than were named in the citation, and no
subsequent citations were served to give the defendant (Conseco)
notice that additional, previously unnamed taxing units, had since
intervened.  The following taxing units
were named in the original citation: 

Klein ISD, 

                                    Harris County, Texas,

North Harris Montgomery College,

Harris Countywater
Control and Improvement District 114, and 

Harris County Rural Fire Prevention District16.  

 

Four
more taxing units, not named in the original citation, later intervened: 

            Harris County Education Department, 

            Port of Houston of Harris County Authority, 

            Harris County Flood Control District, and 

            Harris County Hospital District.  

 

However,
only three, Klein ISD, Harris County, and
Harris County Rural Fire Prevention District 16, recovered anything in the
default judgment.  These three taxing
units were among those named in the citation served on Conseco.  All other taxing units made parties to the
suit were dismissed from the suit without prejudice.  The record shows only one citation was issued
and it does not show “all taxing units
which assess and collect taxes on said property not made parties to such
suit.”  Tex. R. Civ. Proc. 117a(4) (emphasis added). 
Thus, the critical question is whether a citation that does not include
the names of all taxing units that assess and collect taxes on a named property
is still sufficient notice as to those taxing units that are named in the
citation. 

            The taxing units,
relying on Mexia Indep. Sch. Dist. v.
City of Mexia, argue that a defendant is charged
with knowledge of the law and must know from the nature of the suit that the
claims of other taxing units may be addressed without further citation.  133 S.W.2d 118, 121–22 (Tex. 1939)  Although
Mexia addresses the issue of intervening taxing
units identified in the original
citation, and the case before us involves intervenors
not identified in the original
citation as required by Rule 117a, Mexia is still instructive. 

            In Mexia, as in this case, only one
citation was served on the defendant in a suit to recover delinquent property
taxes.  Id.  However,
the facts are slightly different.  The
city of Mexia brought
suit against the property owner to recover delinquent taxes.  Id.  Three other
taxing authorities — the Mexia Independent School
 District, the State of Texas, and the county of Limestone — were
joined as defendants.  Id.  The
property owner, the state, and the county defaulted.  Id.  Mexia ISD answered and filed a cross-action against the
property owner for taxes due on the same property and sought foreclosure of its
lien.  Id.  Though no
new citation was served on the property owner for this cross-action, the court
explained, “the original citation served
on [the property owner] contained the statement that the other taxing units above referred to had been made parties
defendant and had been cited to appear and file their claim for taxes . .
.”  Id.
at 120.  Similar to the citation in Mexia, the citation in this case states: 

 

 class=Section6>

All parties to this suit,
including Plaintiffs, Defendants and Intervenors,
shall take notice that claims not only for taxes which were delinquent on said
property at the time this suit was filed, but all taxes which become delinquent
thereon at any time thereafter up to the day of judgment . . . and all said
parties shall take notice of and plead and answer to all claims and pleadings
now on file and which may hereafter be
filed in this cause by all other parties . . .

 

 class=Section7>

 

The
ultimate issue before the Mexia court was whether the trial court had jurisdiction to
enter a judgment in favor of Mexia ISD, upon its plea
of intervention and cross-action without further notice to the property
owner.  Id.  The Texas
Supreme Court found the citation to be sufficient as to Mexia
ISD because a defendant “is charged with knowledge of the law and therefore
must know from the nature of the suit that there is a possibility of
cross-actions by others.”  Id. at 121.  The general
rule is that the legislature in its discretion may prescribe what notice shall
be given to a defendant in a suit, subject to the condition that the notice
prescribed must conform to the requirements of due process of law.  Id. at 134.  

            Rule 117a stands for the proposition
that all taxing units that assess and
collect taxes on the described property not made parties to such suit may later
join the tax suit without the issuance and service of an additional
citation.  The permissive language in
Rule 117a(4) indicates an intent to give all other taxing units the discretion
to join the suit, rather than giving the taxing unit instituting the suit
discretion to exclude other taxing units, or cause them to have to obtain
issuance of their own citations.  This
rule thus protects all other taxing units whose interests are at stake in the
event the property must be sold to pay a tax debt.  Rule 117a does not require other taxing units
to join a tax suit, but it clearly permits them to intervene without further
service.  It appears that the primary
purpose of the rule was to discourage multiple suits by making it easier for
taxing units to intervene in a tax suit brought by another taxing unit — not to
protect the interests of one who has failed to pay taxes.  The unnamed taxing units did not recover
anything in the default judgment against Conseco, and
they have not appealed this judgment. 

            The purpose of citation is to give
the court proper jurisdiction over the parties and to provide notice to the
defendant that it has been sued, by a particular party asserting a particular
claim, so that due process will be served and the defendant will have an
opportunity to appear and defend the action.  Sgitcovich v. Sgitcovich, 150 Tex. 398, 404, 241 S.W.2d 142, 146 (1951); Bozeman v. Arlington Heights Sanitarium, 134 S.W.2d 350, 351–52
(Tex. Civ. App.—Dallas 1939, writ ref’d).  The requirement of due process of law is met
if the notice prescribed affords the party a fair opportunity to appear and
defend its interests.  Sgitcovich, 241 S.W.2d at 146. 
Here, the citation gave Conseco sufficient
notice that it was being sued by the Klein ISD for delinquent ad valorem taxes on real property located at a specific address.  Conseco did not
appear or contest the validity of the tax assessment, and a default judgment
resulted in favor of three taxing units. 
The three taxing units that actually recovered in the default judgment
were named in the original citation and thus, at the very least, Conseco had notice of the lawsuit as to these three taxing
units.  

            This citation gave Conseco all the notice to which it was entitled and gave Conseco the opportunity to appear and defend the suit.  Conseco points to
no evidence that it was misled or placed at a disadvantage by the citation and
pleadings.  In fact, Conseco
concedes C.T. Corporation System’s registered agent, Shirley Dillon, actually
received service.  Although the citation
did not name all taxing units that may have had a claim against the property,
it was not necessary to do so in this case because the taxing units that were
not named did not recover anything and are not seeking reversal.  Furthermore, extensive research has not revealed
a single case in Texas that mandates
reversal of a default judgment for the failure to name, in the original
citation, all taxing units that might
have a claim against the delinquent taxpayer. 
We find the citation served on Conseco was
sufficient and that it conformed with the requirements
of due process.  Accordingly, we overrule
Conseco’s sole issue. 

V.  Cross-Point Requesting
Sanctions For Frivolous Appeal

            An interested party, Donald Burkhardt, who purchased the property at the tax sale,  requests this court
to sanction Conseco for filing a frivolous
appeal.  Rule of Appellate Procedure 45
states:

 

 class=Section8>

If the court of appeals
determines that an appeal is frivolous, it may – on motion of any party or on
its own initiative, after notice and a reasonable opportunity for response –
award each prevailing party just damages. 
In determining whether to award damages, the court must not consider any
matter that does not appear in the record, briefs, or other papers filed in the
court of appeals.

 

 class=Section9>

Tex. R. App. P.  45.  

Whether
to grant sanctions is a matter of discretion that we exercise with prudence and
caution, and only after careful deliberation. 
Angelou v.
African Overseas Union, 33 S.W.3d
269, 282 (Tex. App.—Houston [14th Dist.] 2000, no pet.). 
Although imposing sanctions is within our discretion, we will do so only
in circumstances that are truly egregious. 
Id.  If an appellant’s argument on appeal fails to
convince the court, but has a reasonable basis in law and constitutes an
informed, good-faith challenge to the trial court’s judgment, sanctions are not
appropriate.  General Elec. Credit Corp. v. Midland Cent. Appraisal Dist., 826 S.W.2d 124, 125 (Tex. 1991)
(interpreting former Tex. R. App. P.
84); see also Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied).  Conseco’s appeal does not warrant sanctions.  Accordingly, we overrule Burkhardt’s
cross-point and deny his request for damages under Rule 45.

            We
affirm the trial court’s judgment. 

 

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Opinion filed May 30,
 2002.

Panel
consists of Chief Justice Brister and Justices Anderson and Frost.

Publish — Tex. R. App. P. 47.3(b).