

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-271-CV

JOHN T. COOPER                                                          APPELLANT

V.

ROBIN PARRAS                                                            APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant John T. Cooper, pro se, appeals a default judgment granted against him and in favor of Appellee Robin Parras. Cooper contends in two issues that the trial court did not have jurisdiction to grant default judgment against him because the underlying motor vehicle accident occurred one day

------------

[1] See Tex. R. App. P. 47.4.

after the date alleged in the original petition and that his Texas and United States constitutional rights were violated. We affirm.

## II. Factual and Procedural Background

According to Parras's original petition, Cooper and Parras were involved in a motor vehicle collision on or about May 6, 2007, at 12:10 a.m. in Tarrant County, Texas. The citation issued to Cooper is dated May 7, 2007, and the police report is also dated May 7, 2007. Parras's original petition, however, stated that the accident took place "on or about" May 6, 2007. Parras suffered bodily injury, and the motor vehicle owned and operated by Parras was damaged.

On February 2, 2009, Parras filed an original petition against Cooper, and a citation was issued. On February 24, 2009, Cooper was served with the citation, a copy of Parras's petition, requests for production, admissions, and disclosures, and interrogatories. The deadline for Cooper to file an answer was March 9, 2009. Cooper failed to file an answer or timely file responses to Parras's discovery requests. On March 19, 2009, Parras filed a motion for default judgment, and the trial court set the matter for hearing. Cooper failed to appear for the hearing, and the trial court determined that it had jurisdiction over the subject matter and the parties, granted Parras's motion, and entered

default judgment for $10,419.18 on March 31, 2009. Cooper then timely filed this appeal.

## III. Jurisdiction

In his first issue, Cooper argues that the trial court had no jurisdiction over him because the motor vehicle accident happened one day after the date alleged in the petition. In response, Parras argues that the trial court did not err in determining that it had jurisdiction to grant default judgment against Cooper because Cooper presents no evidence to support the claim that a possible one-day discrepancy in the date of the accident would have any effect on the trial court's jurisdiction.

### A. Applicable Law

"Jurisdiction" refers to a court's authority to adjudicate a case. *See Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). Whether a trial court has jurisdiction is a question of law. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). On direct appeal from a default judgment, the record must affirmatively show that the trial court had personal jurisdiction over the defendant. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex. 1973); *NBS S., Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 471 (Tex. App.—Dallas 1989, writ denied). Two essential elements of personal jurisdiction are that the defendant must be amenable to the court's jurisdiction

3

and that the plaintiff must invoke jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985); *NBS S., Inc.*, 772 S.W.2d at 471. Independent proof that the proper agent was served is required to establish proper service of process. *See NBS S., Inc.*, 772 S.W.2d at 471; *Hanover Modular Homes v. Corpus Christi Bank & Trust*, 476 S.W.2d 97, 99 (Tex. Civ. App.—Corpus Christi 1972, no writ). At any time after a defendant is required to answer, the plaintiff may take a default judgment if no answer is filed, provided that the citation with the officer's return thereon has been on file with the clerk for ten days, exclusive of the day of filing and the day of judgment. *See* Tex. R. Civ. P. 107.

B.    Analysis

Cooper was properly served with a citation and a copy of plaintiff's petition by personal service. The record affirmatively shows that Philip R. Thorne, Jr., a duly authorized process server, received the documents on February 17, 2009, at 10:00 a.m. He served John T. Cooper at his home address, in person, on February 24, 2009, at 1:45 p.m., with a true copy of the citation, together with a copy of the original petition with the date of service marked thereon; the requests for production, admissions, and disclosures and interrogatories were attached. The citation and proof of service were filed with the clerk of the court on March 4, 2009, and had been on file at least ten days,

4

excluding the day of filing and the day Parras filed the motion for default judgment. Indeed, Cooper does not deny that he was properly served or that he did not file an answer. And the record affirmatively shows that Cooper was properly served with citation and failed to answer and that the trial court had jurisdiction to enter the default judgment. *See Kawasaki Steel Corp.*, 699 S.W.2d at 200.

Cooper argues that there was no jurisdiction because the motor vehicle accident happened one day after the date alleged in the original petition, but he presents no citation to the appellate record or to legal authority supporting his contention. *See* Tex. R. App. P. 38.1(h) (requiring an appellant's brief to contain appropriate citations to authorities and to the record). Because the record affirmatively shows that Cooper was properly served with the citation and a copy of Parras's petition by personal service and failed to answer, and because Cooper has not adequately briefed his contention that the allegedly incorrect date stated in the original petition deprived the trial court of jurisdiction, we conclude that the trial court did have jurisdiction and overrule Cooper's first issue.

IV. Violation of Cooper's Constitutional Rights

In his second issue, Cooper contends that the default judgment against him was a violation of his United States and Texas constitutional rights.

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (holding that litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel) (citing *Stein v. Lewisville Indep. Sch. Dist.*, 481 S.W.2d 436, 439 (Tex. Civ. App.—Fort Worth 1972, writ ref'd n.r.e.), *cert. denied*, 414 U.S. 948 (1973)); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied).

Under rule 38.1(h) of the Texas Rules of Appellate Procedure, every appellant's brief must contain a clear, concise argument in support of his contention, including appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). By raising an issue and failing to present any argument or authority on that issue, the party waives that issue. *Doe v. Tarrant County Dist. Attorney's Office*, 269 S.W.3d 147, 157 (Tex. App.—Fort Worth 2008, no pet.). Cooper's brief does not include citations to authority or the appellate record, nor does his brief even identify the provisions of the United States or

Texas constitutions he claims were violated.  Therefore, Cooper has waived his constitutional arguments on appeal, and we overrule his second issue.

## V.  Conclusion

Having overruled each of Cooper's issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  July 29, 2010