COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-09-271-CV

 

 

JOHN T. COOPER                                                                APPELLANT

 

                                                   V.

 

ROBIN PARRAS                                                                     APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant John T.
Cooper, pro se, appeals a default judgment granted against him and in favor of
Appellee Robin Parras.  Cooper contends
in two issues that the trial court did not have jurisdiction to grant default
judgment against him because the underlying motor vehicle accident occurred one
day after the date alleged in the original petition and that his Texas and
United States constitutional rights were violated.  We affirm.

II.  Factual and
Procedural Background

According to
Parras=s original
petition, Cooper and Parras were involved in a motor vehicle collision on or
about May 6, 2007, at 12:10 a.m. in Tarrant County, Texas.  The citation issued to Cooper is dated May 7,
2007, and the police report is also dated May 7, 2007.  Parras=s original
petition, however, stated that the accident took place Aon or about@ May 6, 2007.  Parras suffered bodily injury, and the motor
vehicle owned and operated by Parras was damaged.  








On February 2,
2009, Parras filed an original petition against Cooper, and a citation was
issued.  On February 24, 2009, Cooper was
served with the citation, a copy of Parras=s petition,
requests for production, admissions, and disclosures, and interrogatories.  The deadline for Cooper to file an answer was
March 9, 2009.  Cooper failed to file an
answer or timely file responses to Parras=s discovery
requests.  On March 19, 2009, Parras
filed a motion for default judgment, and the trial court set the matter for
hearing.  Cooper failed to appear for the
hearing, and the trial court determined that it had jurisdiction over the
subject matter and the parties, granted Parras=s motion, and
entered default judgment for $10,419.18 on March 31, 2009.  Cooper then timely filed this appeal. 

III. Jurisdiction 

In his first
issue, Cooper argues that the trial court had no jurisdiction over him because
the motor vehicle accident happened one day after the date alleged in the
petition.  In response, Parras argues
that the trial court did not err in determining that it had jurisdiction to
grant default judgment against Cooper because Cooper presents no evidence to
support the claim that a possible one-day discrepancy in the date of the
accident would have any effect on the trial court=s jurisdiction. 

A.      Applicable Law








AJurisdiction@ refers to a court=s authority to
adjudicate a case.  See Reiss v. Reiss,
118 S.W.3d 439, 443 (Tex. 2003).  Whether
a trial court has jurisdiction is a question of law.  See BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002). 
On direct appeal from a default judgment, the record must affirmatively
show that the trial court had personal jurisdiction over the defendant.  Whitney v. L & L Realty Corp., 500
S.W.2d 94, 97 (Tex. 1973); NBS S., Inc. v. Mail Box, Inc., 772 S.W.2d
470, 471 (Tex. App.CDallas 1989, writ denied).  Two essential elements of personal
jurisdiction are that the defendant must be amenable to the court=s jurisdiction and
that the plaintiff must invoke jurisdiction by valid service of process on the
defendant.  Kawasaki Steel Corp. v.
Middleton, 699 S.W.2d 199, 200 (Tex. 1985); NBS S., Inc., 772 S.W.2d
at 471.  Independent proof that the
proper agent was served is required to establish proper service of
process.  See NBS S., Inc., 772
S.W.2d at 471; Hanover Modular Homes v. Corpus Christi Bank & Trust,
476 S.W.2d 97, 99 (Tex. Civ. App.CCorpus Christi
1972, no writ).  At any time after a
defendant is required to answer, the plaintiff may take a default judgment if
no answer is filed, provided that the citation with the officer=s return thereon
has been on file with the clerk for ten days, exclusive of the day of filing
and the day of judgment.  See Tex.
R. Civ. P. 107.

B.      Analysis








Cooper was
properly served with a citation and a copy of plaintiff=s petition by
personal service.  The record
affirmatively shows that Philip R. Thorne, Jr., a duly authorized process
server, received the documents on February 17, 2009, at 10:00 a.m.  He served John T. Cooper at his home address,
in person, on February 24, 2009, at 1:45 p.m., with a true copy of the
citation, together with a copy of the original petition with the date of service
marked thereon; the requests for production, admissions, and disclosures and
interrogatories were attached.  The
citation and proof of service were filed with the clerk of the court on March
4, 2009, and had been on file at least ten days, excluding the day of filing
and the day Parras filed the motion for default judgment.  Indeed, Cooper does not deny that he was
properly served or that he did not file an answer.  And the record affirmatively shows that
Cooper was properly served with citation and failed to answer and that the
trial court had jurisdiction to enter the default judgment.  See Kawasaki Steel Corp., 699 S.W.2d
at 200.

Cooper argues that
there was no jurisdiction because the motor vehicle accident happened one day
after the date alleged in the original petition, but he presents no citation to
the appellate record or to legal authority supporting his contention.  See Tex. R. App. P. 38.1(h) (requiring
an appellant=s brief to contain appropriate citations
to authorities and to the record). 
Because the record affirmatively shows that Cooper was properly served
with the citation and a copy of Parras=s petition by
personal service and failed to answer, and because Cooper has not adequately
briefed his contention that the allegedly incorrect date stated in the original
petition deprived the trial court of jurisdiction, we conclude that the trial
court did have jurisdiction and overrule Cooper=s first issue. 

 

 

 








IV. Violation of Cooper=s Constitutional
Rights

In his second
issue, Cooper contends that the default judgment against him was a violation of
his United States and Texas constitutional rights. 

A pro se litigant
is held to the same standards as licensed attorneys and must comply with
applicable laws and rules of procedure.  Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184B85 (Tex. 1978)
(holding that litigants who represent themselves must comply with the
applicable procedural rules, or else they would be given an unfair advantage
over litigants represented by counsel) (citing Stein v. Lewisville Indep.
Sch. Dist., 481 S.W.2d 436, 439 (Tex. Civ. App.CFort Worth 1972,
writ ref=d n.r.e.), cert.
denied, 414 U.S. 948 (1973)); Strange v. Cont=l Cas. Co., 126 S.W.3d 676,
677 (Tex. App.CDallas 2004, pet. denied).








Under rule 38.1(h)
of the Texas Rules of Appellate Procedure, every appellant=s brief must
contain a clear, concise argument in support of his contention, including
appropriate citations to authorities and to the record.  Tex. R. App. P. 38.1(h).  By raising an issue and failing to present
any argument or authority on that issue, the party waives that issue.  Doe v. Tarrant County Dist. Attorney=s Office, 269 S.W.3d 147,
157 (Tex. App.CFort Worth 2008, no pet.).  Cooper=s brief does not
include citations to authority or the appellate record, nor does his brief even
identify the provisions of the United States or Texas constitutions he claims
were violated.  Therefore, Cooper has waived
his constitutional arguments on appeal, and we overrule his second issue. 

V.  Conclusion

Having overruled
each of Cooper=s issues, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  July 29, 2010











[1]See Tex. R. App. P. 47.4.