NATIONAL MEDICAL ENTERPRISES OF TEXAS, INC. and Sierra Medical Center, Appellants,

v.

Helen WEDMAN, Appellee.

No. 08–82–00366–CV.

Court of Appeals of Texas, El Paso.

Sept. 19, 1984.

Rehearing Denied Oct. 17, 1984.

L. Randall Lee, Scott, Hulse, Marshall, Fueille, Finger & Thurmond, El Paso, for appellants.

Robert Earp and Gordon Stewart, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal by writ of error from a default judgment rendered in favor of Helen Wedman in her malpractice suit against National Medical Enterprises of Texas, Inc. d/b/a Sierra Medical Center. The appeal directly attacks the trial court's jurisdiction to render such judgment and the sufficiency of the Plaintiff's pleadings to support such judgment. We affirm.

The original petition states that the Plaintiff complains of "Defendant NATIONAL MEDICAL ENTERPRISES OF TEXAS, INC., doing business as SIERRA MEDICAL CENTER, a Texas corporation, which may be served with process through its Registered Agent, C.T. Corporation System, Republic National Bank Building, Dallas, Texas 75201; ...." In the succeeding paragraphs of the petition, the Plaintiff refers to the Defendant as Sierra Medical Center, except in the damage paragraph the allegation is to the effect that "HELEN WEDMAN sues Defendant, NATIONAL MEDICAL ENTERPRISES OF TEXAS, INC. d/b/a SIERRA MEDICAL CENTER for a sum in excess of the jurisdictional limits of this Court." The prayer is to the same effect as the Plaintiff prays "that NATIONAL MEDICAL ENTERPRISES OF TEXAS, INC. d/b/a SIERRA MEDICAL CENTER be cited to appear and answer herein and that, upon final hearing hereof, HELEN WEDMAN have judgment against Defendant ...."

On September 24, 1982, the court heard evidence on damages and entered judgment in favor of the Plaintiff that it recover from "Defendant, NATIONAL MEDICAL ENTERPRISES OF TEXAS, INC. d/b/a SIERRA MEDICAL CENTER, judgment in the total sum of seventy-five thousand three hundred forty-four and no/100 ($75,-344.00) Dollars, ...."

■ Actually, two separate petitions for writ of error have been filed herein and respective appeals perfected thereon, one being by National Medical Enterprises of Texas, Inc. and one by Sierra Medical Center. One brief has been filed on behalf of the two entities, however, with separate points listed for both of them. The Plaintiff Wedman responds to the points presented by Sierra Medical Center by one reply point to the effect that Sierra Medical Center, as a separate legal entity, was not a party to the lawsuit, was not a part of the default judgment granted by the trial court and is not a proper party to this appeal. The point is well taken as there was only the one Defendant in this case, National Medical Enterprises of Texas, Inc., which was merely alleged to be doing business as Sierra Medical Center, and that is the form of the one judgment which was taken in this case. Sierra Medical Center was merely the name of the business which the Defendant was alleged to have been operating. *Dillard v. Smith*, 205 S.W.2d 366 (Tex.1947); *Jones v. Hydro Corporation*, 420 S.W.2d 210 (Tex.Civ.App.—Amarillo 1967, no writ).

■ The first point of error presented by National Medical Enterprises of Texas, Inc. urges that there is no proof on the face of the record of proper service of citation on that Defendant to invoke the jurisdiction of the trial court. In contrast to the usual rule that all presumptions including service of process will be made in support of a judgment, no such presumption is made in a direct attack upon a default judgment. The record must affirmatively show strict compliance with the provided mode of service. *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94 (Tex. 1973); *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965). Jurisdiction of the defendant's person must affirmatively appear by either a showing of an appearance by the Defendant or a showing of due service of citation independent of the recitals in the judgment. In order to show due service of citation, the plaintiff must show compliance with the statutes and the Rules of Civil Procedure in the issuance of citation, the manner and mode of service and the return of service. To say the least, Texas courts traditionally have been quick to find errors in a citation and service sufficient to set aside a default

judgment. See: Pohl & Kirklin, Judgments by Default-A Survey of Texas Law, 31 Sw.L.J. 465 at 470 (1977). Here, the Defendant's position is that the pleadings and the record make no affirmative showing that the one actually served was in fact the agent for service of process for this Defendant. There is authority that the mere recitation of one being an agent for service of process will not support rendition of a default judgment. *White Motor Company v. Loden*, 373 S.W.2d 863 (Tex. Civ.App.—Dallas 1963, no writ); *Encore Builders v. Wells*, 636 S.W.2d 722 (Tex. App.—Corpus Christi 1982, no writ).

As previously pointed out, the petition alleged that service of process could be had upon the Defendant's registered agent, C.T. Corporation System, Republic National Bank Building, Dallas, Texas 75201. The citation which was issued in this case stated in part:

THE STATE OF TEXAS

To:    National Medical Enterprises of Texas, Inc. d/b/a Sierra Medical Center, A Texas Corporation through its Registered Agent C. T. Corporation System Republic National Bank Building Dallas, Texas 75201    by delivering to their registered agent for service C. T. Corporation System, by delivering to their registered agent for service Mary Lou Boring.

On the back appears the constable's return as follows:

Came to hand on the 16th day of August, 1982, at 1:28 o'clock P.M. and executed in Dallas County, Texas by delivering to each of the within named defendants, in person, true copy of this together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit

National Medical Enterprises of Texas, Inc. d/b/a Sierra Medical Center, a Texas Corporation, by delivering to its' registered agent for service, C. T. Corporation System, by delivering to its' registered agent for service, Mary Lou Boring.
Date — 8/19/82          Time — 8:30 A.M.

Article 2.11 of the Texas Business Corporation Act provides that a domestic corporation may be served by delivering process to its president, vice president or registered agent. We hold that since the citation was delivered to its registered agent for service, the C.T. Corporation System, by delivering to its registered agent for service, Mary Lou Boring, the required compliance with the statute was shown. The statements contained in the constable's return were prima facie evidence that Mary Lou Boring was the registered agent for service of C.T. Corporation System, and that C.T. Corporation System was a registered agent for service of National Medical Enterprises of Texas, Inc. *Sheshunoff and Company, Inc. v. Scholl*, 560 S.W.2d 113 (Tex.Civ.App.—Houston [1st Dist.] 1977), reversed on damages only, 564 S.W.2d 697 (Tex.1978); *Helfman Motors, Inc. v. Stockman*, 616 S.W.2d 394 (Tex.Civ. App.—Fort Worth 1981, writ ref'd n.r.e.); *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Employer's Reinsurance Corporation v. Brock*, 74 S.W.2d 435 (Tex.Civ.App.—Eastland 1934, writ dism'd). The petition, the citation and return thereon were sufficient in making a prima facie showing that the corporation served and the person served were respectively the registered agents of the two corporations and obviated the necessity for

the trial court to hear evidence thereon. The point under discussion is overruled.

■ In Point of Error No. Two, the Defendant complains that there was no pleading or evidence that at the time Wedman's claim arose, National was doing business as Sierra. As previously pointed out, National Medical Enterprises of Texas, Inc. was the only Defendant sued and against whom judgment was taken. It was properly served and the default established that it was doing business as Sierra Medical Center as alleged in the Plaintiff's original petition. The point is overruled.

■ A series of points complain of deficiencies in the Plaintiff's petition in that there was a failure to allege any negligent conduct by National Medical Enterprises which caused the Plaintiff's injury, or damages; a failure to allege the city or locality where the negligent conduct occurred; a failure to state the standard of care and duty owed by a hospital in the community where the alleged negligent conduct occurred, or that there was a violation of such standard; and finally that no amount of damages sought by the Plaintiff were stated. A default judgment must be supported by a petition which states a cause of action. *Griswold v. Carlson*, 151 Tex. 246, 249 S.W.2d 58 (1952). In determining if a cause of action has been pled, the court must be able to determine from the pleadings alone the elements of the cause of action and the relief sought with reasonable certainty and without resorting to other sources. The purpose of this rule is to provide fair notice to the defendant of the basis of the plaintiff's cause of action. *Stoner v. Thompson*, 578 S.W.2d 679, 684–685 (Tex.1979). In this case, the court stated the rule to be:

> While a petition which serves as a basis for a default judgment may be objectionable under Rule 90, the default judgment will be held erroneous only if (1) the petition (or other pleading of the non-defaulting party that seeks affirmative relief) does not attempt to state a cause of action that is within the jurisdiction of the court, or (2) the petition (or pleading for affirmative relief) does not give fair notice to the defendant of the claim asserted, or (3) the petition affirmatively discloses the invalidity of such claim. Likewise, an absent party will not be considered to have tried an unpled cause of action by implied consent under Rule 67 where fair notice of that cause of action is not in the pleadings.

■ In the case at bar, Wedman sought to recover damages under the theory of negligence. The essential elements of actual negligence are (1) duty, (2) breach and (3) injury. In her petition, Wedman averred that she was hospitalized in Sierra on or about August 24, 1981, and remained in that hospital until September 2, 1981. She averred that she suffered injury to her chest wall from improper application of monitor electrodes to her during hospitalization, and she stated she developed pneumonia from her stay. Additionally, she alleged that Sierra failed to use ordinary care in the application of the monitor electrodes, failed to properly observe Wedman, and failed to properly treat and monitor Wedman's condition, resulting in the development of pneumonia. Although her pleadings are subject to special exceptions, she appears to have adequately pled a cause of action to give National Medical Enterprises proper notice of the claim against it. The proof required to be established under a health care liability claim does not have to be alleged. The complaint that the pleadings only seek judgment against the Defendant in an amount only as a sum in excess of the jurisdictional limits of the trial court is without merit. Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 5.01 (Vernon Supp.1984); Rule 47(b), Tex.R. Civ.P. The points under discussion are overruled.

■ In National's Point of Error No. Six, the complaint is made that the trial court erred in rendering default judgment because there was no allegation or evidence that Wedman complied with the Medical Liability and Insurance Improvement Act of Texas [Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 4.01(a)(b)(Vernon Supp.

1984) ] by giving National notice of a health care liability claim. In paragraph V of her petition, Wedman alleges "Plaintiff has fully complied with the provisions of Article 4590i, Texas Revised Civil Statutes Annotated." The pleading was sufficient and the point is overruled.

We have considered all of the points presented by National Medical Enterprises of Texas, Inc. and they are overruled. The judgment of the trial court is affirmed.