**REED ELSEVIER, INC. d/b/a**
Lexis Nexis, Appellant

v.

**CARROLLTON–FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT, County of Dallas, and City of Farmers Branch, Appellees.**

No. 05–04–00821–CV.

Court of Appeals of Texas, Dallas.

Dec. 12, 2005.

Bryan P. Neal, Thompson & Knight, P.C., Dallas, for Appellant.

Daniel K. Bearden, Dallas, Gregg M. McLaughlin, Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Arlington, and Edward Lopez, Jr. and Shelia Fuqua Carter, Linebarger Goggan Blair & Sampson, LLP., Dallas, for Appellees.

Before Justices MOSELEY, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MOSELEY.

Reed Elsevier, Inc. d/b/a Lexis Nexis brings a restricted appeal from a default judgment in favor of Carrollton–Farmers Branch Independent School District (CFBISD), County of Dallas, and City of Farmers Branch for delinquent property taxes. Reed Elsevier contends there is fatal error shown on the face of the return of service. Reed Elsevier argues service of process was defective because the return does not identify the person served as an agent of its corporate registered agent.

We agree and we reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

In its original petition for delinquent ad valorem taxes, CFBISD described defendant as follows:

> Reed Elsevier, Inc. d/b/a Lexis Nexis
>
> Successor in Interest to Courtlink Corporation d/b/a JusticeLink,
>
> by serving Registered Agent, Lexis Document Services, Inc., at:
>
> 3610–2 Josey Lane, Suite # 223 Carrollton, TX 75007

The citation for personal service is addressed to the same above description and address for defendant. The return of service indicates service was completed by "delivering to the within named Reed Elsevier Inc DBA Lexis Nexis Successor in Interest to Courtlink Corporation DBA JusticeLink By delivering to Reg Agent Lexis Document Services Inc By delivering to Danielle Smith."

Reed Elsevier did not file an answer or appear in court and a default judgment was signed on December 3, 2003. Reed Elsevier filed a notice of restricted appeal, with a motion for extension of time to file restricted appeal, on June 16, 2004. Appellant's motion for extension was granted by this Court, and its restricted appeal deemed timely.

## II. Restricted Appeal

A restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party; (3) who did not participate in the trial; and (4) the error complained of must be apparent on the face of the record. Tex. Rs.App. P. 26.1(c), 30; *Sutton v. Hisaw & Assocs.*

*Gen. Contractors, Inc.*, 65 S.W.3d 281, 284 (Tex.App.-Dallas 2001, pet. denied). For purposes of a restricted appeal, the face of the record consists of all the papers on file before the judgment as well as any reporter's record. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). In this case, the first three elements of a restricted appeal are not contested. Rather the dispute concerns whether there is error on the face of the record.[1]

### III. Applicable Law on Service of Process

■ A default judgment cannot withstand direct attack by a defendant who complains he was not served in strict compliance with applicable requirements. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). In a direct attack on a default judgment, there are no presumptions in favor of valid issuance, service, and return of citation. *See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam). The return of service has long been considered prima facie evidence of the facts recited therein. *Id.* at 152. In a restricted appeal, defective service of process constitutes error apparent on the face of the record. *See id.* at 153.

■ A domestic or foreign corporation authorized to transact business in Texas may be served with process through its president, any vice president, or its registered agent. *See* TEX. BUS. CORP. ACT ANN. Arts. 2.11, 8.10 (Vernon 1980). A corporation may act as the registered agent for another domestic or foreign corporation. *See* TEX. BUS. CORP. ACT ANN.

Art. 2.09 (Vernon Supp.2004-05), Art. 8.08 (Vernon 1980). Although a corporation may act as the registered agent for another corporation, a corporation is not a person capable of accepting process, and must be served through its agents. *See All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 727 (Tex.App.-Fort Worth 2003, no pet.). The record must show whether the person served was in fact such an agent for the corporation acting as the registered agent. *See Nat'l. Med. Enter. of Texas, Inc. v. Wedman* 676 S.W.2d 712, 715 (Tex.App.-El Paso 1984, no writ) (holding domestic corporate defendant was properly served where return identified person served with citation as registered agent for defendant's corporate registered agent); *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex.Civ.App.-Dallas 1963, no writ) (holding record did not show person served with citation was authorized agent for accepting service for corporate registered agent for foreign corporation defendant).

### IV. Discussion

■ In this case, the return does not indicate the capacity of "Danielle Smith" or why she was served with process. Her name is handwritten on the face of the citation without designation of her status with Lexis Document Services, Inc. The return merely recites service "[b]y delivering to Danielle Smith," without explaining her authority to receive service. Neither the return nor any other portion of the record designates her authority to receive service on behalf of Reed Elsevier's registered agent. Without indication of her capacity to receive service on the face of

---

1. There is no reporter's record in this appeal. On the face of clerk's record, we can not tell whether Reed Elsevier and its registered agent Lexis Document Services, Inc. are domestic or foreign corporations. However, such status is not critical to our resolution of

this restricted appeal. *Cf. Infra–Pak (Dallas), Inc. v. Narmour*, 852 S.W.2d 565, 567 (Tex. App.-Dallas 1992, no writ) (concluding in regular appeal no distinction between proof of proper service on a foreign and a domestic corporation).

the record, the granting of the default judgment was improper. *See Primate Constr. Inc.*, 884 S.W.2d at 153; *see also Nat'l. Med. Enter. of Texas, Inc.*, 676 S.W.2d at 715; *White Motor Co.*, 373 S.W.2d at 865.

### V.   Conclusion

Having determined there is error on the face of the record regarding proper service on Reed Elsevier's registered agent, we find the trial court lacked jurisdiction to enter the default judgment against Reed Elsevier. Finding this error dispositive of this appeal, we do not need to address appellant's remaining issues. *See* TEX. R.APP. P. 47.1. We reverse the trial court's judgment and remand this case for further proceedings.