

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00022-CV

Reynaldo **FLORES**,
Appellant

v.

Mayra **RUBIO**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-03151
Honorable Gloria Saldaña, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  May 8, 2013

DISMISSED FOR WANT OF JURISDICTION

On April 4, 2012, the trial court signed a default protective order.  Pro se Appellant Reynaldo Flores, who is presently an inmate, has not filed a notice of appeal, and, other than the judgment, we have no appellate record before us.  If Appellant timely filed another document with the trial court that extended the due date for his notice of appeal, his notice of appeal was due not later than August 2, 2012.  *See* TEX. R. APP. P. 26.1(a).  A motion for extension of time was due not later than August 17, 2012.  *See id.* R. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  If Appellant met the requirements for a restricted appeal, a notice of restricted

appeal was due not later than October 4, 2012. *See* TEX. R. APP. P. 26.1(c), 30. A motion for extension of time to file a restricted appeal was due not later than October 19, 2012. *See id.* R. 26.3; *Verburgt*, 959 S.W.2d at 617; *see also Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 904 (Tex. App.—Dallas 2005, pet. denied).

On January 10, 2013, Appellant filed a pro se "Motion for Leave to File Late Notice of Appeal." We construed Appellant's motion as "an instrument [filed] in a bona fide attempt to invoke the appellate court's jurisdiction." *See Verburgt*, 959 S.W.2d at 617; *accord In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). On January 24, 2013, we advised Appellant that a timely notice of appeal is necessary to invoke this court's appellate jurisdiction. *See* TEX. R. APP. P. 25.1(b). *See generally Verburgt*, 959 S.W.2d at 617. We ordered Appellant to show cause in writing to this court by February 13, 2013, why this appeal should not be dismissed for want of jurisdiction. We warned Appellant that if he failed to respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3. Appellant filed no timely response to our January 24, 2013 order, and we dismissed his appeal.

On March 7, 2013, this court received an "Objection to Memorandum of Opinion Dismissed for Want of Jurisdiction" from Appellant which we construed as a timely motion for rehearing. In his motion, Appellant stated that he did not receive our January 24, 2013 order until after the deadline, and this court's records confirm Appellant's assertion. On March 20, 2013, we granted Appellant's motion for rehearing, reinstated his appeal, and again ordered Appellant to show cause in writing why his appeal should not be dismissed for want of jurisdiction.

On April 24, 2013, Appellant filed a brief that argues the merits of his appeal but does not show how this court has jurisdiction in this appeal. *See* TEX. R. APP. P. 25.1(b). *See generally Verburgt*, 959 S.W.2d at 617. Therefore, Appellant's motion for leave to file a late

notice of appeal is denied, and this appeal is dismissed for want of jurisdiction. *See* TEX. R. APP.

P. 25.1(b); *Verburgt*, 959 S.W.2d at 617. Costs of this appeal are taxed against Appellant.

PER CURIAM