**Reversed and Remanded and Memorandum Opinion filed September 15, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00747-CV

## W. GARRY WALDROP DDS, INC. D/B/A LIFETIME DENTAL CARE, Appellant

## V.

## GREGORY PHAM, JOHN MA, AND RAYMOND DAO, Appellees

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2015-21720**

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, appellant W. Garry Waldrop DDS, Inc. d/b/a Lifetime Dental Care ("Lifetime") seeks reversal of a default judgment in favor of appellees, Gregory Pham, John Ma, and Raymond Dao. Lifetime contends the trial court erred in signing the default judgment because: (1) Lifetime was not properly served with process, (2) the evidence was legally or, alternatively, factually insufficient to support an award of damages, and (3) the evidence was legally or, alternatively, factually insufficient to support an award of attorney's fees. Because

appellees did not properly serve Lifetime with process, we reverse the trial court's judgment and remand for further proceedings.

## BACKGROUND

Appellees are licensed dentists who each entered into a written contract with Lifetime to join its dental practice. In April 2015, appellees sued Lifetime for breach of contract, alleging it failed to pay the full amount of compensation owed to them under the contract. Lifetime did not answer the petition, and appellees moved for default judgment. At the default judgment hearing, each appellee testified to the written employment contract with Lifetime to provide dental services in exchange for twenty-five percent of production. Each appellee also testified to Lifetime's failure to pay the agreed amount from production and testified to their actual damages caused by Lifetime's breach. Ned Gill, III, appellees' attorney, testified that he incurred $1,600 in attorney's fees for each appellee. Lifetime did not appear at the hearing.

The trial court signed a final judgment in favor of appellees. The judgment awarded each appellee the amount of damages requested at the hearing as well as pre-judgment interest and $1,600 attorney's fees. This restricted appeal followed.

## ANALYSIS

A restricted appeal is a direct attack on a default judgment. *Whitaker v. Rose*, 218 S.W.3d 216, 219 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing Tex. R. App. P. 30). To prevail on a restricted appeal, Lifetime must establish (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander*

2

*v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* Tex. R. App. P. 26.1(c), 30.

Appellees dispute only the fourth element, arguing that the face of the record shows no error. When reviewing a restricted appeal, the face of the record consists of all of the papers on file, including the clerk's record and reporter's record, at the time that the default judgment was signed. *Alexander*, 134 S.W.3d at 848–49; *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Extrinsic evidence may not be considered. *Alexander*, 134 S.W.3d at 848.

## I.     Appellees' return of service was not proper.

In its first and second issues, Lifetime argues that it was not served with citation in strict compliance with the Texas Rules of Civil Procedure, and that this error is shown on the face of the record.[1] When process is not validly served, the trial court acquires no personal jurisdiction over the defendant and any default judgment is void. *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.). In reviewing a default judgment on restricted appeal, we do not presume the citation was validly issued, served, or returned. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). Strict compliance with the rules governing service of citation is mandatory, and failure to comply constitutes error on the face of the record. *Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam); *Primate Constr.*, 884 S.W.2d at 152 ("Proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise."). The supreme court's insistence on strict compliance with service requirements in the default context is well established and is intended to safeguard due process,

[1] Lifetime argues in its first issue that it is entitled to a restricted appeal because there is error on the face of the record. Separately addressing this issue is not necessary because we sustain Lifetime's second issue based on an error on the face of the record.

allowing the defendant an opportunity to appear and defend the action on the merits. *See Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam); C*onseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 675–76 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

The petition alleges that defendant "W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE" may be served with process by serving its registered agent, "W. Garry Waldrop." The citation is addressed to defendant Lifetime using essentially the same full name quoted above. The return portion of the citation, however, shows that the petition and citation were delivered to "W. Garry Waldrop DDS (D/B/A Lifetime Dental Care) defendant, in person." Lifetime contends that there are two primary defects in the return that are apparent on the face of the record.[2] We address each alleged defect in turn.

### A. Omission of corporate designation in the return

First, Lifetime argues that the name listed in the return creates confusion regarding whether service was attempted on the corporate entity, which was doing business as Lifetime Dental Care, or on W. Garry Waldrop, the individual. According to Lifetime, the name listed in the return creates a "fatal discrepancy" between the corporate defendant to whom the citation was issued (W. Garry Waldrop, DDS, Inc.) and the name of the purported "defendant" identified in the

---

[2] Lifetime points to a third alleged defect in service: the lack of statement in the citation or return that the process server was a disinterested party. Such a statement is only required when serving process on a non-resident defendant. Tex. R. Civ. P. 108. The cases upon which Lifetime relies concern non-resident defendants. *See, e.g., Chesney v. Buddrus*, No. 01-87-00925-CV, 1988 WL 34838, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 1988, no writ); *Upham v. Boaz Well Serv., Inc.*, 357 S.W.2d 411, 418 (Tex. Civ. App.—Fort Worth 1962, no writ); *Scucchi v. Woodruff*, 503 S.W.2d 356, 358–59 (Tex. Civ. App.—Fort Worth 1973, no writ); *Indus. Models, Inc. v. SNF, Inc.*, No. 02-13-00281-CV, 2014 WL 3696104, at *6 (Tex. App.—Fort Worth July 24, 2014, no pet.). Because Lifetime was a resident defendant, Rule 108 does not apply and the statement was not required. *See* Tex. R. Civ. P. 106, 107 (providing rules governing method of service and return of service on resident defendants).

return (W. Garry Waldrop, DDS).

Rule 107 provides that the officer or authorized person executing the citation must complete a return of service. *See* Tex. R. Civ. P. 107(a). The return must include "the person or entity served." Tex. R. Civ. P. 107(b)(5). Under the strict-compliance standard, the name of the defendant listed in the return of service must essentially match the name of the defendant listed in the citation or petition. *See Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310–11 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). A minor change in the name, however, does not render the return defective. *Myan Mgmt. Grp., L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 753 (Tex. App.—Dallas 2009, no pet.). The name of the defendant is altered if it is changed to the extent that the court cannot determine whether the person or entity named in the citation is the same as the person or entity identified in the return. *Id.*; *see Hercules*, 62 S.W.3d at 309–11 (concluding return that named "Hercules Concrete Pumping" rather than "Hercules Concrete Pumping Services, Inc." was defective). Conversely, a name is not altered when the name in the citation varies only slightly from the name in the return. *See Myan Mgmt. Grp.*, 292 S.W.3d at 753 (observing that courts have held omitting the corporate designation "Inc." is a minor change that does not invalidate service.); *see also Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied) (holding that omission of corporate designation "Inc." from return did not invalidate service).

Here, apart from punctuation and capitalization, the only difference between the names in the citation and the return is that the return omits the corporate designation "Inc.", stating that the citation was delivered to "W Garry Waldrop DDS (D/B/A/ Lifetime Dental Care)." As our sister courts have held, this

omission of "Inc." is no more than a slight variation and does not, by itself, invalidate service. *Myan Mgmt. Grp.*, 292 S.W.3d at 753; *Ortiz*, 926 S.W.2d at 613.

## B.     Proof of service on an authorized agent of the corporation

Second, Lifetime contends the return of service fails to show that the citation and petition were served on Lifetime's registered agent or an authorized individual, such as the corporation's president or vice president. Lifetime argues that the name listed in the return—"W. Garry Waldrop, DDS (d/b/a Lifetime Dental Care)"—is insufficient to comply with the rules of service because it does not clearly show the individual who received service and his or her authority to do so.

A domestic corporation authorized to transact business in Texas is not a person capable of accepting process; it must be served through its president, vice president, or registered agent. *See* Tex. Bus. Orgs. Code §§5.201(b), 5.255(1) (West 2012); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The record must show whether the person served was in fact such an agent for the corporation. *Compare Nat'l Med. Enterprises of Texas, Inc. v. Wedman*, 676 S.W.2d 712, 715 (Tex. App.—El Paso 1984, no writ) (holding service was proper when return indicated process was served on "C.T. Corporation System by delivering to its registered agent for service Mary Lou Boring."), *with Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied) (holding service was improper when return did not indicate the capacity of "Danielle Smith" or reflect her authority to receive service), *and All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.) (concluding that although return included name of corporation, service was improper because return failed to specifically state the person served on behalf of

corporation).[3]

Appellees argue that Rule 107 does not require the return of service to name the registered agent, and therefore providing the name of the corporation is sufficient to establish compliance with the rules. We disagree because this argument is inconsistent with the above requirement to show service on a person who is a corporate agent, as well as with the weight given to the recitations in the return as proof of service. *Primate Const.*, 884 S.W.2d at 152 ("The return of service is not a trivial, formulaic document. It has long been considered prima facia evidence of the facts therein.").

Here, the corporate name provided in the return does not provide prima facie evidence of what person was served, much less whether that person was authorized to receive service as an agent of the corporation. We cannot speculate or presume that the person served was W. Garry Waldrop or another authorized individual. *See Hurd v. D.E. Goldsmith Chem. Metal Corp.*, 600 S.W.2d 345, 346 (Tex. App.—Houston [1st Dist.] 1980, no writ) ("[A]ll of the necessary facts must be stated in the return, with nothing left to inference."). "W. Garry Waldrop, DDS (d/b/a Lifetime Dental Care)" could show service on a receptionist, janitor, or other employee of Lifetime Dental Care rather than the necessary service on the registered agent, W. Garry Waldrop. *See Alamo Home Fin., Inc. v. Duran*, No. 13-14-00462-CV, 2015 WL 4381091, at *4 (Tex. App.—Corpus Christi July 16,

---

[3] It is the responsibility of the party requesting service, not the process server, to see that service is properly accomplished. *Primate Const.*, 884 S.W.2d at 153 (citing Tex. R. Civ. P. 99(a)). This responsibility extends to seeing that service is properly reflected in the record. *Id.* The plaintiff's burden to comply strictly with the service rules in the default context is tempered by its ability to amend the return of service. *See* Tex. R. Civ. P. 118; *see, e.g., Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 113 (Tex. App.—Houston [1st Dist.] 1978, no writ) (affirming trial court's grant of party's request to amend and re-file return to reflect service on corporation by delivering to vice president). If the facts as recited in the return do not show proper service, the party requesting service must amend the return prior to judgment. *Primate Const.*, 884 S.W.2d at 153.

2015, no pet.) (mem. op.) (holding return of service deficient when return showed service upon Alamo Home Finance but did not indicate that Alamo was served through its registered agent); *All Commercial Floors*, 97 S.W.3d at 727. Additionally, because the return does not show on its face that the person who received service was authorized to do so, we conclude that service was not proper. *See Reed Elsevier*, 180 S.W.3d at 905; *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding return of service was deficient where it failed to state it was delivered to corporation "through its registered agent" James M. Barker).

We sustain Lifetime's first and second issues. Because the remedy for improper service is reversal of the entire judgment, we need not address Lifetime's remaining issues, which (if successful) would provide the lesser relief of a new trial on damages only.[4] *See* Tex. R. App. P. 47.1.

## CONCLUSION

Because appellees failed to comply strictly with the rules governing service of process, the trial court did not acquire jurisdiction over Lifetime. We therefore reverse the trial court's judgment and remand the case to the trial court for further proceedings.


/s/    J. Brett Busby
            Justice


Panel consists of Justices Busby, Donovan, and Wise.

---

[4] "[W]hen an appellate court sustains a no-evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992).

8