

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00038-CV

———————————————

LAKERIDGE TOWNHOMES HOMEOWNERS ASSOCIATION, INC., Appellant

V.

SARA PERRI, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2020-01130

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION AND JUDGMENT

We have considered the "Agreed Motion to Vacate Final Default Judgment and Remand to Trial Court." In the motion, the parties, who have not yet filed briefs, agree that Appellant has met all the requirements of a restricted appeal and that reversible error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). They ask this Court to vacate the default judgment and remand this matter to the trial court for further proceedings.

Our review of the record confirms that Appellant has met the restricted-appeal requirements. Appellant filed its notice of appeal within six months after the date the trial court signed the default judgment, was a party to the underlying lawsuit, and did not participate in the default-judgment hearing or timely file any post-judgment motions or requests for findings of fact and conclusions of law. *See* Tex. R. App. P. 30.

Our review of the record also confirms that reversible error appears on its face. We must reverse a no-answer default judgment when the defendant "'was not served in strict compliance with applicable requirements.'" *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). When service is on a corporation, Rule 107 requires the return to show that the person receiving service was authorized to do so. *Inlog, Inc. v. Ryder Truck Rental, Inc.*, No. 02-19-00283-CV, 2020 WL 1887846, at *2 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.); *W. Garry Waldrop DDS, Inc. v. Pham*, No. 14-15-00747-CV,

2016 WL 4921588, at *3–4 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, no pet.) (mem. op.). In the case before us, no information on the face of the return or the record shows that the person named in the return as the person who received service, "Donna Phillips Property Supervisor," was a person authorized to receive service on behalf of Appellant or its registered corporate agent NewRoc Property Management Services, Inc. Accordingly, the face of the record fails to show strict compliance with the rules governing service and citation. *See Inlog*, 2020 WL 1887846, at *2; *W. Garry Waldrop DDS, Inc.*, 2016 WL 4921588, at *3–4; *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905–06 (Tex. App.—Dallas 2005, pet. denied).

We therefore agree with the parties that the record shows reversible error, and we grant the agreed motion, reverse the trial court's judgment, and remand this case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(c); *cf. Singh v. Gallagher Bassett, L.L.C.*, No. 08-20-00137-CV, 2020 WL 5105214, at *1 (Tex. App.— El Paso Aug. 31, 2020, no pet.) (mem. op.) (treating agreed motion seeking the vacatur of the trial court's default judgment and a remand for new trial as a Rule 42.1(a)(2) motion but also independently confirming error); *Scott's Big Truck Sales v. Garcia*, No. 02-17-00402-CV, 2018 WL 1865861, at *2 (Tex. App.—Fort Worth Apr. 19, 2018, no pet.) (denying as moot agreed motion asking that the trial court's order be set aside and the case remanded but reversing and remanding on same grounds without an appellee's brief); *Wilson v. Am. Builders & Contractors Supply Co.*, No. 01-12-00537-CV, 2012 WL 3234059, at *1 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, no

pet.) (mem. op.) (denying as moot agreed motion asking that the trial court's order be set aside and the case remanded but reversing and remanding on same grounds without briefing).

As the parties agreed, each must bear its own costs of appeal. *See* Tex. R. App. P. 43.4; *cf.* 42.1(d).

Per Curiam

Delivered: June 3, 2021