**AFFIRMED and Opinion Filed June 26, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00149-CV**

**LCAR FRISCO, LLC, Appellant**
**V.**
**GCRE/TX FRISCO MASTER, LLC, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-04088-2021**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Carlyle

In this restricted appeal, LCAR Frisco, LLC challenges a default judgment entered in favor of GCRE/TX Frisco Master, LLC. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

According to the petition in this case, GCRE purchased and developed a commercial property in Frisco that became known as the Stonebrook Business Park. In 2015, GCRE sold LCAR a lot within that development. As part of the transaction, LCAR negotiated and agreed to a one-time payment of $380,000 for its contribution to construction costs for the development's common areas. GCRE documented that

$380,000 obligation in an Operation and Reciprocal Easement Declaration (ORED) it filed and recorded simultaneously with the deed conveying the lot to LCAR, and LCAR "consented to the covenants and obligations contained in the ORED."

Between 2015 and 2019, "GCRE incurred significant expenses" in construction towards the development's common areas. Yet, despite demand, LCAR refused to pay its negotiated $380,000 share of the common-area-construction fees. Because LCAR defaulted on its obligations, the ORED allowed GCRE to obtain a lien on the property. GCRE filed and recorded a "Claim of Lien" in December 2020, and it filed this lawsuit in July 2021 asserting claims for declaratory judgment, breach of contract, quantum meruit, judicial foreclosure, and attorneys' fees.

After LCAR failed to answer, GCRE obtained a default judgment awarding $380,000 in liquidated damages, $5,000 in attorneys' fees, conditional appellate attorneys' fees, and post-judgment interest. In addition, the court declared GCRE's lien was valid and ordered the lien foreclosed due to LCAR's default. LCAR then filed this restricted appeal.

A restricted appeal (1) must be brought within six months after the trial court signs the judgment (2) by a party (3) who did not participate in the trial (4) complaining of error apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c); *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 904 (Tex. App.—Dallas 2005, pet. denied). The parties agree that LCAR satisfied the first three conditions for a restricted appeal; they dispute only

whether LCAR complains of reversible error apparent on the face of the record. For purposes of a restricted appeal, the face of the record consists of all papers on file before the judgment, as well as any reporter's record. *See Reed Elsevier, Inc.*, 180 S.W.3d at 905.

LCAR first contends the exhibits attached to GCRE's petition establish that LCAR is not liable to GCRE, arguing that the $380,000 obligation in the ORED is unenforceable as a matter of law. It bases its argument on its interpretation of when the ORED became effective in relation to the deed conveying LCAR's lot. According to LCAR, despite the documents being recorded simultaneously as part of a negotiated transaction, the deed actually took effect before the ORED. Thus, because GCRE no longer owned LCAR's lot when the ORED took effect, GCRE had no authority to burden the lot with a restrictive covenant without LCAR's consent.

LCAR's argument effectively challenges the sufficiency of the evidence supporting GCRE's breach of contract and judicial foreclosure causes of action and ignores the procedural posture of this case. "A defendant's liability in a no-answer default case is conclusively established for all causes of action" sufficiently pleaded. *Adame v. Palisades Collection, L.L.C.*, No. 05-11-00793-CV, 2012 WL 2564717, at *3 (Tex. App.—Dallas July 3, 2012, no pet.) (mem. op.). Moreover, "all allegations of fact are deemed admitted except as to the amount of unliquidated damages." *Id.*

Consequently, "an appellant is precluded from challenging the legal and factual sufficiency of the evidence supporting liability in a no-answer default judgment." *Id.*

LCAR does not argue that GCRE's petition failed to adequately plead a cause of action for breach of contract or judicial foreclosure. Thus, it cannot contest liability on those causes of action, which are conclusively established by its failure to answer. *See id.* (defendant precluded from challenging validity of underlying debt in restricted appeal from no-answer default judgment). For the same reason, we must reject LCAR's arguments that the evidence is legally and factually insufficient to support liability for GCRE's quantum meruit claim.[1] *See id.*

LCAR next argues that the face of the record shows defective service of process. *See Dolly v. Aethos Communications Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.) ("In a restricted appeal, defective service of process constitutes error apparent on the face of the record."). To withstand this challenge, the record must demonstrate strict compliance with service rules. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Whether service strictly complied with the rules is a question of law we review de novo. *Daigrepont v. Preuss*, No. 05-18-01271-CV, 2019 WL 2150916, at *3 (Tex. App.—Dallas May 17, 2019, no pet.) (mem. op.).

---

[1] To the extent LCAR argues in reply that GCRE's quantum meruit claim is barred as pleaded by equitable principles, we may not consider issues raised for the first time in a reply brief. *See Sanchez v. Martin*, 378 S.W.3d 581, 590 (Tex. App.—Dallas 2012, no pet.). In any event, because we uphold LCAR's liability for breach of contract, any error in granting default judgment on GCRE's alternative quantum meruit claim is harmless. *See* TEX. R. APP. P. 44.1(a).

"A limited liability company (LLC) is not a person capable of accepting process on its own behalf and must be served through an agent." *Pearson v. Duncanville Senior Care, LLC*, No. 05-21-00900-CV, 2022 WL 4480562, at *2 (Tex. App.—Dallas Sept. 27, 2022, no pet.) (mem. op.). A plaintiff may serve an LLC by serving, among others authorized by statute, its registered agent. *See* TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(3). And an organization may serve as the registered agent for another organization. *See* TEX. BUS. ORG. CODE § 5.201(b). Because such an organization must also be served through one of its agents, the business organizations code provides that a registered-agent organization "must have an employee available at the registered office during normal business hours to receive service of process, notice, or demand." *See id.* § 5.201(d). "Any employee of the organization may receive service at the registered office." *Id.* And when a registered-agent organization is served, "[t]he record must show whether the person served was in fact . . . an agent for the [organization] acting as the registered agent." *Reed Elsevier, Inc.*, 180 S.W.3d at 905.

Here, the return shows service on "LCAR Frisco, LLC care of its Registered Agent, REGISTERED AGENTS, INC. by and through its designated agent, Brad Wilson." This is prima facie proof that service was made on a person authorized to accept service on the registered agent's behalf. *See Primate Const., Inc.*, 884 S.W.2d at 152 (service return is prima facie evidence of facts stated therein); *see, e.g.*, *LG Capital Funding, LLC v. Wowio, Inc.*, No. 16-CV-6632, 2018 WL 3202077, at *5

–5–

(E.D.N.Y. Apr. 24, 2018) (applying Texas law and concluding service valid where return stated service was made on defendant's "registered agent, VCORP SERVICES, INC., by delivering to its authorized agent, Beatrice Casarez").

We are not persuaded by LCAR's argument that, because the business organizations code provides that a registered-agent organization "must have an employee available" to accept service and that "[a]ny employee of the organization may receive service at the registered office," the service return must affirmatively state that the person accepting service on the registered agent's behalf is its employee. A service "return should be given a fair, reasonable, and natural construction" as "to its intent and meaning." *Cuetara v. DSCH Capital Partners, LLC*, No. 03-16-00078-CV, 2016 WL 3917181, at *3 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.). The only reasonable reading of the return here is that GCRE served LCAR through its registered agent, at the registered agent's office, by serving a person "designated" by the registered agent to accept service on its behalf. This case is thus unlike those where the service return failed to attempt to state the connection between the person who accepted service and the registered-agent organization. *See, e.g.*, *Turbo Restaurants, LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 500 (Tex. App.—El Paso 2022, no pet.) (service invalid where return neither stated that the person served was an employee of the registered agent nor showed the person was "otherwise authorized to accept service on the agent's

behalf"); *Reed Elsevier, Inc.*, 180 S.W.3d at 905 (service invalid where return did not indicate person's capacity or explain her "authority to receive service").

Moreover, the term "employee" is not defined in the Business Organizations Code. We give words their ordinary meaning when they are not defined. *See* TEX. GOV'T CODE § 312.002(a); *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006). In the context here, a return of service, we are asked only to determine whether a person listed as "designated agent" may ordinarily be determined to be an "employee available at the registered office during normal business hours to receive service of process, notice, or demand." *See* TEX. BUS. ORG. CODE § 5.201(d).

"The elements of common-law agency are present in the relationships between employer and employee" and the common law of agency "encompasses the employment relation." *See* REST. (3D) OF AGENCY § 1.01 cmt. c (*Elements of Agency*). Other courts have concluded that an "agent is the employee of his principal," particularly where such an interpretation serves the legislature's purpose in adopting a statute. *See Ackley v. State*, 592 S.W.2d 606, 608 (Tex. Crim. App. 1980) (concluding the term "employee" included a principal's "agents" for purposes of a statute imposing criminal liability); *see also Villatoro v. Tex. Alcoholic Beverage Commission*, No. 05-12-00444-CV, 2013 WL 2423994, at *7–8 (Tex. App.—Dallas, June 3, 2013, no pet.) (interpreting Alcoholic Beverage Code § 104.01(a)'s interchangeable usage of "agent, servant, or employee" and concluding evidence

was sufficient to support characterizing one Ramos as an "employee, agent, or servant").

Here, the legislature intended to facilitate service on registered-agent organizations by providing that any employee at the office is authorized to accept service. This includes the ordinary understanding that every employee is its "agent" for purposes of accepting service because we deem it unlikely the Legislature intended to make a person's authorization to accept service contingent on that person's employment status, as that term might be used in other contexts. *See Ackley*, 592 S.W.2d at 608 (noting it was highly unlikely the legislature used the term "employee" to the exclusion of other agents acting on the employer's behalf); *cf., e.g.*, *Limestone Products Distribution, Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002) (test to determine whether worker is employee or independent contractor). We conclude LCAR has not presented "error apparent on the face of the record," *see* TEX. R. APP. P. 26.1(c), and reject the contention that serving the "designated agent" of a registered-agent organization does not strictly comply with service rules.

LCAR next argues we must reverse because GCRE never served its motion for default judgment, arguing that such failure violated civil procedure rule 21. Although rule 21 generally requires serving all motions on all parties, *see* TEX. R. CIV. P. 21(a), LCAR provides no authority suggesting that failing to serve a motion for default on a non-answering party is reversible error. Indeed, we have held that

"after a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the petition." *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188 (Tex. App.—Dallas 2000, pet. denied). Rather, "a defendant receives all the notice it is entitled to receive when it is served with process." *Holmes v. Eiland Coffee at Canyon Creek, LLC*, No. 05-22-01083-CV, 2023 WL 3836431, at *4 (Tex. App.—Dallas Jun. 6, 2023, no pet. h.) (mem. op.) (citing *Cont'l Carbon Co.*, 27 S.W.3d at 189).

Having overruled each of LCAR's issues, we affirm the trial court's judgment.

220149f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LCAR FRISCO, LLC, Appellant

No. 05-22-00149-CV     V.

GCRE/TX FRISCO MASTER, LLC, Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-04088-2021.

Opinion delivered by Justice Carlyle. Justices Goldstein and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GCRE/TX Frisco Master, LLC recover its costs of this appeal and the full amount of the trial court's judgment from appellant LCAR Frisco, LLC and from SureTec Insurance Company as surety on appellant's supersedeas bond.

Judgment entered this 26th day of June, 2023.