**REVERSE and REMAND; and Opinion Filed July 2, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00670-CV

### ENCOMPASS COUNSELING, WELLNESS & REHAB, LLC, Appellant
### V.
### CONSILIUM STAFFING, LLC, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-16578**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Smith

This is a restricted appeal from a no-answer default judgment rendered against appellant Encompass Counseling, Wellness & Rehab, LLC. In four issues, Encompass asserts that error is apparent on the face of the record because (1) there is no reporter's record; (2) appellee Consilium Staffing, LLC's petition and supporting affidavit affirmatively disclose the invalidity of its claims; (3) the record does not contain invoices to prove up Consilium's attorney's fee claim; and (4) the process server's return of service failed to indicate that service was made to an

authorized agent. Because we agree that service was invalid, we reverse the trial court's default judgment and remand for further proceedings.

## Background

In December 2022, Consilium filed suit against Encompass to collect amounts due and owing for locum tenens medical staffing services provided to Encompass. Consilium alleged an unpaid balance of $29,032.50, and asserted a suit on a sworn account and causes of action for breach of contract and quantum meruit. The petition alleged that Encompass, a Georgia limited liability company doing business in Texas, could be served through Victoria Ross, its chief executive officer. Ross was served with the petition on December 17, 2022, and the return of service was filed with the trial court on December 21, 2022. Encompass did not file an answer or otherwise respond.

On Consilium's motion, the trial court entered a default judgment on January 20, 2023. The judgment awarded Consilium the balance of the unpaid account as actual damages in the amount of $29,032.50 and other fees and costs, including attorney's fees of $2,883.50 and conditional attorney's fees in the event of an appeal.

Encompass did not timely file a notice of appeal. On July 10, 2023, it filed a notice of restricted appeal, alleging that it had not participated in the proceedings prior to entry of the default judgment.

## Restricted Appeal

A restricted appeal is a direct attack on a default judgment. *See Ex Parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); TEX. R. APP. P. 26(c), 30. A restricted appeal is sustained when the appellant shows that (1) it filed its notice of restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying suit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or request findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Ex Parte E.H.*, 602 S.W.3d at 495; *Greystar, LLC v. Adams*, 426 S.W.3d 861, 866 (Tex. App.—Dallas 2014, no pet.). Here, the record establishes, and neither party disputes, that the first three elements are met. Therefore, we decide only whether error appears on the face of the record. For purposes of a restricted appeal, the face of the record consists of all the papers on file before the judgment was entered as well as any reporter's record. *Reed Elsevier, Inc. v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pets. denied).

## Invalid Service

In its fourth issue, Encompass asserts that error is apparent from the face of the record because the record shows Consilium failed to follow the required procedures for service of process. Specifically, Encompass contends that service was invalid because the record does not show Ross's capacity to receive service on behalf of Encompass. We agree.

–3–

The usual rule that all presumptions—including valid issuance, service, and return of citation—will be made in support of a judgment does not apply to a direct attack on a default judgment. *Prado v. Nichols*, No. 05-20-01092-CV, 2022 WL 574845, at \*2 (Tex. App.—Dallas Feb. 25, 2022, no pet.) (mem. op.) (citing *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). If the record does not affirmatively show strict compliance with the rules governing citation and return of service, then service is invalid and error is apparent on the face of the record. *Id.* Whether service strictly complies with the rules of civil procedure is a question of law that we review de novo. *U.S. Bank Tr., N.A. v. AJ & SAL Enters., LLC*, No. 05-20-00346-CV, 2021 WL 1712213, at \*2 (Tex. App.—Dallas Apr. 30, 2021, no pet.) (mem. op.).

A proper return of service must show the person or entity served. *See* TEX. R. CIV. P. 107(b)(5). A limited liability company (LLC) is not a person capable of accepting process on its own behalf and must be served through an agent. *Pearson v. Duncanville Senior Care, LLC*, No. 05-21-00900-CV, 2022 WL 4480562, at \*2 (Tex. App.—Dallas Sept. 27, 2022, no pet.) (mem. op.) (citing *Prado*, 2022 WL 574845, at \*2). Agents authorized by statute to accept service on behalf of an LLC include its registered agent and, depending on whether the LLC is manager- or member-managed, any manager or member of the LLC. *Id.*; *see* TEX. BUS. ORGS.

CODE ANN. §§ 5.201(b), 5.255(3).[1]  If an agent is served, the record must show that the agent was authorized to receive service for the addressee.  *See Pearson*, 2022 WL 4480562, at *2; *Reed Elsevier*, 180 S.W.3d at 905.

Here, the face of the record shows that Consilium filed suit against Encompass, an LLC, and served process on Ross, Encompass's chief executive officer.  A chief executive officer, however, is not an authorized agent for service for an LLC, and the return of service did not otherwise indicate Ross's capacity to receive service on behalf of Encompass.  *See Reed Elsevier*, 180 S.W.3d at 905 (when return did not indicate capacity of person served or explain authority to receive service as registered agent, service was invalid).  Nor did anything else in the record before the trial court when it granted Consilium's motion for default judgment indicate that Ross had authority to receive service on behalf of Encompass.  Because the face of the record fails to show strict compliance with the rules governing citation and return of service, the trial court lacked jurisdiction to render a default judgment against Encompass.  *See, e.g.*, *Prado*, 2022 WL 574845, at *2 (reversing default judgment where return of service reflected name of individual served but neither return of service nor any other portion of record indicated his capacity to receive service on behalf of purported corporation).

---

[1] Although not at issue here, the Texas Business Organizations Code also provides for service of a foreign entity through the Texas Secretary of State in the event the foreign entity fails to maintain a registered agent in Texas.  *See* TEX. BUS. ORGS. CODE ANN. §§ 5.201, 5.251.

We sustain Encompass's fourth issue. Our resolution of this issue makes it unnecessary to address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's default judgment and remand this cause to the trial court for further proceedings.

/Craig Smith/
CRAIG SMITH
JUSTICE

230670F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ENCOMPASS COUNSELING,
WELLNESS & REHAB, LLC,
Appellant

No. 05-23-00670-CV          V.

CONSILIUM STAFFING, LLC,
Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-16578.
Opinion delivered by Justice Smith.
Justices Miskel and Breedlove
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 2nd day of July 2024.